No. 25,880.

THE BOARD OF EDUCATION OF THE CITY OF BONNER SPRINGS, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LEAVENWORTH, *Appellee.*

#### SYLLABUS BY THE COURT.

SCHOOLS—*Barnes Law—Tuition—Requisites to Recovery.* Before a board of education of a city situated in a county operating schools under the Barnes high-school law can recover, from the board of county commissioners of another county operating schools under the same law, tuition for pupils coming from the latter county, the board of education must show that the county superintendent of the county against which the action is brought recommended the payment of the tuition.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed July 11, 1925. Affirmed.

*Henry E. Dean,* of Kansas City, for the appellant.

*Malcolm McNaughton,* county attorney, and *William D. Reilly,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action, commenced on October 3, 1922, the plaintiff seeks to recover tuition under what is commonly known as the Barnes high-school law. Verdict and judgment were rendered in favor of the defendant, and the plaintiff appeals.

The facts on which the plaintiff seeks to recover are substantially as follows: Both Leavenworth and Wyandotte counties were operating schools under the Barnes high-school law. A number of pupils from Leavenworth county attended the high school at Bonner Springs, in Wyandotte county, for a number of years, for five years of which the plaintiff is seeking to recover tuition as provided in chapter 289 of the Laws of 1917 and in chapter 239 of the Laws of 1921. (R. S. 72-3013.) Bills were submitted by the plaintiff to the defendant for the tuition of those pupils. Those bills were not paid. Payment of them was not recommended by the county superintendent, although the board of county commissioners, the county

Schools, 35 Cyc. p. 1119.

attorney and the county superintendent of Leavenworth county had knowledge of the fact that the bills had been prepared and that the plaintiff was claiming tuition for the pupils from Leavenworth county attending high school in Bonner Springs.

Section 7 of chapter 397 of the Laws of 1905, the original Barnes high-school law, provided that—

"Tuition shall be free in all such high schools to pupils residing in the county where such schools are located."

That section appeared as 9326 of the General Statutes of 1915. It was amended by section 1 of chapter 289 of the Laws of 1917, so as to make the pertinent parts read as follows:

"That tuition shall be free in all such high schools to pupils residing in the county where such schools are located; . . . that wherever a community is remote from or is inconvenient of access to any high school operating organized under the provisions of this act, and there are not sufficient pupils of high-school advancement in such community to organize and maintain another high school, the board of county commissioners shall, upon recommendation of the county superintendent of public instruction, pay the tuition, not exceeding $4 per month, for such pupils of high-school advancement in the nearest high school to such community, but within the county or in the county adjacent thereto: *Provided further,* That the county commissioners shall pay such tuition from the general fund of the county where such pupils reside."

That section was in turn amended by section 1 of chapter 239 of the Laws of 1921 so as to make the material parts read:

"That tuition shall be free in all high schools to pupils residing in the county where high schools are located. . . . That whenever a community is remote from or is not convenient of access to a high school already in operation, and there is not a sufficient number of pupils of high-school advancement in such community to organize and maintain another high school, the board of county commissioners shall, upon recommendation of the county superintendent of public instruction, pay the tuition, not exceeding two dollars per week or fraction thereof, for such pupil of high-school advancement in the most convenient high school to such community, but within the county or in the county adjacent thereto: *Provided further,* That the county commissioners shall pay such tuition from the general fund of the county where such pupil resides."

That is the law as it now reads.   (R. S. 72-3013.)

Under section 1 of chapter 289 of the Laws of 1917 and under section 1 of chapter 239 of the Laws of 1921, it was necessary for the county superintendent to recommend the payment of the tuition before the county commissioners were authorized to pay it.   The evidence affirmatively showed that the county superintendent did

not recommend the payment of the tuition which the plaintiff seeks to recover. For that reason the plaintiff cannot recover.

So far as the abstracts show, it does not appear that the pupils for which tuition is claimed came from a community remote from, or inconvenient of access to, a high school, or that there were not sufficient pupils in the community of ordinary high-school advancement to organize and maintain another high school. These facts must have appeared to the county superintendent before he would be authorized to recommend payment of the tuition.

The judgment is affirmed.