Byers Rural High School v. Stafford County Comm'rs.

No. 26,754.

BYERS RURAL HIGH SCHOOL DISTRICT No. 2, *Appellant*, v. THE
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF STAFFORD,
*Appellee.*

SYLLABUS BY THE COURT.

SCHOOLS—*Tuition—Adjacent, Convenient High School—Authority of Superintendent.* The legislature has provided for free tuition in high schools, and that whenever pupils who advance to the high-school standards reside in a community remote from or not convenient of access to a high school in operation, and there are not a sufficient number of pupils in the community to organize and maintain another high school, the pupils in this community on the recommendation of the county superintendent may attend a high school in the county or in a county adjacent thereto most convenient to them, and the county in which the pupils reside becomes liable for the tuition of such pupils. Under the statute the county superintendent is vested with authority to determine the question as to which high school is most convenient of access to such pupils, and that officer's decision and recommendation, in the absence of fraud or bad faith, is controlling upon county commissioners and courts.

Appeal from Stafford district court; RAY H. BEALS, judge. Opinion filed June 12, 1926. Reversed.

*William Barrett, George Barrett* and *D. E. McCrory,* all of Pratt, for the appellant.

*William Davison,* county attorney, for the appellee; *Robert Garvin* and *Evart Garvin,* both of St. John, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Byers rural high-school district No. 2 brought this action against the board of county commissioners of Stafford county to recover tuition of certain pupils residing in Stafford county, who attended the plaintiff district during the school years of 1922 and 1923. The trial resulted in a verdict and judgment for the defendant, and plaintiff appeals.

The facts, about which there is no substantial dispute, are that both Pratt and Stafford counties are operating under the Barnes high-school law; that duly accredited high schools exist in both of the counties; that plaintiff is in Pratt county, and that the Antrim rural high-school district is in Stafford county; that the pupils, nine in number, reside in a community of Stafford county remote from a high school, and in which there are not a sufficient number of pupils

Schools and School Districts, 35 Cyc. pp. 1115 n. 44, 1121 n. 92.

of high-school advancement to organize and maintain another high school; that the pupils had completed the course of study prescribed by the state board of education which entitled them to entrance in a high school; that they did attend the high school in the plaintiff district during the period for which tuition is claimed; that the county superintendent of Pratt county recommended to the commissioners of Stafford county that the bills for the pupils from Stafford be paid, with the exception of the tuition of two of them, and these were excluded from the recommendation on the sole ground that the affidavit of the head of the family had not been attached to the account for tuition. The bills were rejected by the board of county commissioners of Stafford county, and the plaintiff took an appeal to the district court. There much testimony was taken, which related largely to the location of the plaintiff high school and of the Antrim high school, both of which appear to be about equally distant from the community where the Stafford county pupils resided, and also the locations, condition of the highways leading to the schools, and the convenience of access to them. A motion was made by the defendant to require the plaintiff to elect upon which statutory provision, R. S. 72-3013 or R. S. 72-3014, it would rely for a recovery. The plaintiff declared that both provisions were applicable and were relied on as an authority for a recovery. The court then stated that it would instruct the jury as to the law applicable when that stage of the trial was reached. In the instructions subsequently given, the court confined the jury to consideration of R. S. 72-3013, which is as follows:

"That tuition shall be free in all high schools to pupils residing in the county where high schools are located: *Provided,* That such pupils shall present to the high-school authorities an entrance certificate signed by the county superintendent of public instruction certifying that such pupil has completed the course of study prescribed by the state board of education for the pupil below the high school, or who shall pass such entrance examination as the high-school authorities may require: *And provided further,* That whenever a community is remote from or is not convenient of access to a high school already in operation, and there is not a sufficient number of pupils of high-school advancement in such community to organize and maintain another high school, the board of county commissioners shall, upon recommendation of the county superintendent of public instruction, pay the tuition, not exceeding two dollars per week or fraction thereof for such pupil of high-school advancement in the most convenient high school to such community, but within the county or in the county adjacent thereto: *Provided further,* That the county commissioners shall pay such tuition from the general fund of the county where such pupil resides."

The other provision, R. S. 72-3014, is as follows:

"That tuition shall be free in all high schools established pursuant to Laws 1905, chapter 397, as amended by later enactments, to pupils residing in the county where such high-school law is in force: *Provided,* That such pupils shall present to the high-school authorities an entrance certificate, signed by the county superintendent of public instruction, certifying that such pupil has completed the course of study prescribed by the state board of education for the pupil below the high school, or who shall pass such entrance examination as the high-school authorities may require: *Provided further,* That when pupils reside in an adjacent county that does not operate under the provisions of such high-school law established pursuant to the Laws 1905, chapter 397, as amended by later enactments, the board of county commissioners of such adjacent county in which the pupils reside, shall upon recommendation of the county superintendent of public instruction having jurisdiction over the high school where said pupils attend, pay the tuition of $2 per week or fraction thereof, for such pupils to the district in which the high school is located: *Provided further,* That this act shall apply to all high-school pupils residing in any adjacent county that attend high school established under Laws 1905, chapter 397, as amended by later enactments: *Provided further,* That the said county commissioners shall pay such tuition from the general fund of the county where such pupil or pupils reside."

The court submitted to the jury the question which of the two high schools was more convenient for the pupils of the community to attend under an instruction that—

"Said pupils were entitled to attend the most convenient high school either in the county of their residence or an adjacent county, and that their tuition, not to exceed $2.00 a week or fraction thereof, should be paid by the county of their residence."

In answer to a question, the jury stated that the Antrim high school, which the pupils of the community did not attend, was more convenient than the Byers high school, which they did attend. Motions were made to set aside the finding and for a new trial, but they were denied. In the instructions, findings and judgment, the recommendation of the county superintendent as to attendance and tuition of the pupils was ignored. In the statutes quoted it is made clear that the legislature intended that all pupils who have advanced to high-school standards, wherever they may reside, are entitled to high-school privileges, free of cost to them. The second section quoted is only a broadening of the provisions of the first one, so that the tuition should be actually free in all high schools. Pupils who reside in a community where there is no high school and not a sufficient number of pupils to warrant the organization and maintenance of another high school, may attend the most convenient

high school, either in the county of their residence or in any county adjacent thereto, upon the recommendation of the county superintendent. Recognizing that disputes might arise as to the question of convenience, the legislature placed the duty and responsibility of determining that question on the county superintendent, and manifestly intended that the recommendation and decision of that officer should be controlling. County superintendents are chosen from those of advanced educational training and experience (R. S. 72-202) and are given charge of the public schools, teachers and pupils within the county, are authorized to classify pupils and regulate methods of instruction, to visit and hold meetings in every district at least once every year, apportion school funds, appoint officers to fill vacancies, organize and change districts, and numerous other duties and responsibilities are placed upon them. (R. S. 72-207 to R. S. 72-220.) Because of his qualifications and the functions of his office, the county superintendent is well informed as to locations of schools, the means of access to them, and which, in view of all the circumstances, is most convenient for pupils to attend. There is undoubted power in the legislature to provide for the payment of the tuition of pupils living in a community where there is no high school, and also to require payment of the same by the county. There is unquestioned authority, too, to provide that a certain officer shall settle questions that may arise as to where pupils not residing in a high-school district shall attend. Convenience of access involves more than distance of the school from the community where the pupils live. The condition of the roads and means of travel are important considerations. Under the statute these matters are to be determined by the county superintendent and not by the board of county commissioners. In the absence of fraud, bad faith or unreasonable arbitrary action, the decision and recommendation of that officer is binding upon county commissioners and courts. There was no suggestion of fraud or bad faith in the action taken by the county superintendent, and upon her recommendation and decision, coupled with the conceded facts, an obligation of the county for tuition to plaintiff arose, and the jury should have been so instructed. The finding as to convenience and right of recovery for the tuition is not sustained by the evidence, and that finding, as well as the verdict, should have been set aside. As we have seen, tuition for two of the pupils was not recommended by the county superintendent. This approval was not withheld on account of any doubt as to the attendance or their residence, but

upon a supposed necessity that an affidavit of the head of the family in support of the claim should have been attached to and presented with the account. This was not essential if the county superintendent was satisfied by other information or evidence that there had been compliance with the statutory requirements, and that the defendant county was liable for the tuition.

The judgment must therefore be reversed, and the cause remanded for further proceedings in accordance with this opinion.