No. 26,867.

BYERS RURAL HIGH SCHOOL DISTRICT No. 2, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF STAFFORD, *Appellee.*

SYLLABUS BY THE COURT.

SCHOOLS — *Convenient High School in Adjacent County — Tuition — Recommendation of County Superintendent.* Under sections 72-3013 and 72-3014 of the Revised Statutes, high-school pupils residing in a county operating under the Barnes high-school law but in a community remote from or not convenient of access to a high school in that county, and without a sufficient number of pupils of high-school advancement to organize and maintain another high school, may attend a high school in an adjacent county operating under that law; the tuition for such pupils must be paid by the board of county commissioners of the county of the residence of the pupils, on the recommendation of the county superintendent of the county in which the school attended is situated.

Appeal from Stafford district court; RAY H. BEALS, judge. Opinion filed November 6, 1926. Reversed.

*William Barrett, George Barrett* and *D. E. McCrory,* all of Pratt, for the appellant.

*William Davison,* county attorney, *Robert Garvin* and *Evart Garvin,* both of St. John, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover tuition under the Barnes high-school law for pupils who had resided in Stafford county and who had attended the Byers rural high school in Pratt county. Judgment was rendered in favor of the defendant on a demurrer to the evidence of the plaintiff, who appeals.

There was evidence which tended to prove that both Stafford and Pratt counties were operating under the Barnes high-school law; that a number of pupils with high-school qualifications lived in Stafford county in a community where no high school existed and which community was not convenient of access to a high school then in operation in that county, and in which there were not a

Schools and School Districts, 35 Cyc. p. 1120 n. 87.

sufficient number of pupils of high-school advancement to maintain another high school, and attended the Byers rural high school in Pratt county; that the county superintendent of Pratt county approved the attendance of the pupils from Stafford county in the Byers rural high school and audited the claims of that school against Stafford county for tuition; that the county superintendent of Stafford county refused to approve the claims, and that the board of county commissioners of that county refused to pay the claims.

The plaintiff relies on section 72-3014 of the Revised Statutes of 1923, and cites. *Byers Rural High School v. Stafford County Comm'rs,* 121 Kan. 287, 246 Pac. 681. The defendant contends that the plaintiff must rely on section 72-3013 of the Revised Statutes, and cites *Board of Education v. Leavenworth County Comm'rs,* 119 Kan. 117, 237 Pac. 1055.

Section 72-3014 of the Revised Statutes reads:

"That tuition shall be free in all high schools established pursuant to Laws 1905, chapter 397, as amended by later enactments to pupils residing in the county where such high-school law is in force: *Provided,* That such pupils shall present to the high-school authorities an entrance certificate, signed by the county superintendent of public instruction, certifying that such pupil has completed the course of study prescribed by the state board of education for the pupil below the high school, or who shall pass such entrance examination as the high-school authorities may require: *Provided further,* That when pupils reside in an adjacent county that does not operate under the provisions of such high-school law established pursuant to Laws 1905, chapter 397, as amended by later enactments, the board of county commissioners of such adjacent county in which the pupils reside, shall, upon recommendation of the county superintendent of public instruction having jurisdiction over the high school where said pupils attend, pay the tuition of $2 per week or fraction thereof, for such pupils to the district in which the high school is located: *Provided further,* That this act shall apply to all high-school pupils residing in any adjacent county that attend high school established under Laws 1905, chapter 397, as amended by later enactments: *Provided further,* That the said county commissioners shall pay such tuition from the general fund of the county where such pupil or pupils reside."

In *Byers Rural High School v. Stafford County Comm'rs,* 121 Kan. 287, an action in which the Byers rural high school in Pratt county sought to recover from Stafford county tuition for high-school pupils from Stafford county, the court stated:

"That both Pratt and Stafford counties are operating under the Barnes high-school law; that duly accredited high schools exist in both of the counties; that plaintiff is in Pratt county, and that the Antrim rural high-school district

is in Stafford county; that the pupils, nine in number, reside in a community of Stafford county remote from a high school, and in which there are not a sufficient number of pupils of high-school advancement to organize and maintain another high school; that the pupils had completed the course of study prescribed by the State Board of Education which entitled them to entrance in a high school; that they did attend the high school in the plaintiff district during the period for which tuition is claimed; that the county superintendent of Pratt county recommended to the commissioners of Stafford county that the bills for the pupils from Stafford be paid."

Sections 72-3013 and 72-3014 were quoted. The court further said:

"In the statutes quoted it is made clear that the legislature intended that all pupils who have advanced to high-school standards, wherever they may reside, are entitled to high-school privileges, free of cost to them. The second section quoted is only a broadening of the provisions of the first one [R. S. 72-3013], so that the tuition should be actually free in all high schools." (p. 289.)

It was there held that payment should have been made on the recommendation of the county superintendent of Pratt county.

In *Board of Education v. Leavenworth County Comm'rs*, 119 Kan. 117, 237 Pac. 1055, the court said:

"Before a board of education of a city situated in a county operating schools under the Barnes high-school law can recover, from the board of county commissioners of another county operating schools under the same law, tuition for pupils coming from the latter county, the board of education must show that the county superintendent of the county against which the action is brought recommended the payment of the tuition."

That action was commenced in 1922, and was for tuition that had accrued during the five years previous to that time. The decision there was based on section 72-3013 of the Revised Statutes. Section 72-3014 had not then been enacted and was not in any way involved.

The controversy must be determined by a construction of sections 72-3013 and 72-3014 of the Revised Statutes. The first part of section 72-3014 reads:

"That tuition shall be free in all high schools established pursuant to Laws 1905, chapter 397, as amended by later enactments to pupils residing in the county where such high-school law is in force."

The first proviso which follows immediately after the language quoted is not involved in this controversy and need not be considered. There is no question about its meaning, and it does not assist in solving the problem presented to the court at this time.

Byers Rural High School v. Stafford County Comm'rs.

The second proviso reads:

"*Provided further,* That when pupils reside in an adjacent county that does not operate under the provisions of such high-school law established pursuant to Laws 1905, chapter 397, as amended by later enactments, the board of county commissioners of such adjacent county in which the pupils reside, shall, upon recommendation of the county superintendent of public instruction having jurisdiction over the high school where said pupils attend, pay the tuition of $2 per week or fraction thereof, for such pupils to the district in which the high school is located."

The statute, thus far, means that all high-school pupils residing in a Barnes high-school county may attend high school free of charge; that all high-school pupils who reside in an adjacent non-Barnes high-school county may attend high school in a Barnes high-school county free of charge to the pupils; and that the county of the residence of the latter class of pupils shall be liable for the payment of their tuition to the high school attended on the recommendation of the county superintendent of the county in which the school attended is situated.

Then comes the third proviso, which reads:

"*Provided further,* That this act shall apply to all high-school pupils residing in any adjacent county that attend high school established under Laws 1905, chapter 397, as amended by later enactments."

This extends all the provisions of all of the act to all high-school pupils residing in all adjacent counties, whether operating under the Barnes high-school law or not, where the pupils attend a high school that is operated under that act. The effect of the third proviso is to extend the conditions of the second proviso to pupils residing in one Barnes high-school law county so that they may attend a Barnes high school in an adjacent county. It follows that if the county superintendent of the county in which the high school attended is located recommends the payment of tuition, the county commissioners of the county of the residence of the pupils must pay that tuition. The county superintendent of the county in which the pupils reside has nothing to do with recommending the payment of the tuition.

Section 72-3013, a part of the Barnes high-school law, should be examined. It in part reads:

"That whenever a community is remote from or is not convenient of access to a high school already in operation, and there is not a sufficient number of pupils of high-school advancement in such community to organize and maintain another high school, the board of county commissioners shall upon recom-

mendation of the county superintendent of public instruction, pay the tuition, not exceeding two dollars per week or fraction thereof for such pupil of high-school advancement in the most convenient high school to such community, but within the county or in the county adjacent thereto."

In *Board of Education v. Leavenworth County Comm'rs,* 119 Kan. 117, 237 Pac. 1055, it was held that tuition must be paid on the recommendation of the county superintendent of the county in which the pupils resided. Under that construction, sections 72-3013 and 72-3014 conflict with each other. Which is the controlling statute? Section 72-3014 is the last expression of the legislature, and for that reason it must control.

Section 72-3013 states when a high-school pupil living in one Barnes high-school county may attend a high school in another Barnes high-school county. Section 72-3014 provides for the payment of the tuition of such a pupil, and states who shall recommend its payment.

The court concludes that under the evidence of the plaintiff, if true, Stafford county must pay tuition on the recommendation of the county superintendent of Pratt county. This conclusion is in harmony with and is supported by *Byers Rural High School v. Stafford County Comm'rs,* 121 Kan. 287, 246 Pac. 681.

The demurrer to the evidence of the plaintiff should have been overruled. The judgment is reversed, and the cause is remanded to the trial court for further proceedings in accordance with this opinion.