No. 28,539.

School District No. 4 in Logan County, *Appellee*, v. The Board of County Commissioners of the County of Wallace, *Appellant*.

(275 Pac. 188.)

Opinion filed March 9, 1929.

*James E. Taylor,* county attorney, and *W. E. Ward,* of Sharon Springs, for the appellant.

*B. W. Brooke,* of Winona, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This action was brought to recover for the tuition of pupils residing in Wallace county who attended high school in the plaintiff district. The plaintiff maintained an accredited high school at Winona in Logan county, established under the Barnes law. The adjoining county of Wallace does not operate under that law, and there was no high school in the district in which the students resided for whose tuition the action is brought. There was a community high school in Wallace county about sixteen miles distant from the homes of the pupils in question, who resided several miles

closer to the plaintiff school than they did to the community high school. Bills for tuition of the pupils in plaintiff's high school, which had been audited and approved by the county superintendent of Logan county, were presented to the board of county commissioners of Wallace county. That board declined to make payment of the certified bills, and this action was brought. On a trial before the court without a jury judgment was given in favor of plaintiff for $516. The defendant appeals, and is contending that the findings and judgment of the court are not supported by the evidence; that the statute under which the claim was founded is unconstitutional, in that public funds raised by taxation for one purpose are being diverted to another, and further, that some of the tuition claims were barred by the statute of limitations.

An objection is raised that the bills for tuition were not duly recommended by the county superintendent of Logan county, but the court on apparently sufficient evidence found that that officer had approved the claims. The bills were received and filed, and the board considered them and refused payment. In their answer they set up as defenses grounds other than the insufficiency of the approval of the bills. There is little ground for contention as to this objection since a substantial compliance with the requirement for approval is sufficient. (*Board of Education v. Reno Community High School*, 124 Kan. 175, 257 Pac. 957.) There was also sufficient proof to show that the pupils possessed the necessary qualifications for entrance into the Winona high school. In reviewing the evidence, the trial court among other things stated:

"Under these conditions the court perhaps would be led to and advised to conclude from the sparsely settled nature of the eastern part of Wallace county that the place where these students live was remote from and not convenient of access to any high school already in operation; that Wallace and Winona were the only ones at all within a region even so near as sixteen miles or thereabouts. As said, the county superintendent of Logan county, in which county Winona is situated, seems to have approved the entrance qualifications of the students, and the county superintendent of that county has definitely recommended in writing the payment of tuition for the several pupils in the most convenient school to the community within the county or the county adjacent thereto. Logan county is adjacent to Wallace county. Although the testimony shows definitely that the roads and means of communication, means of travel, so far as roads go, are as good to Wallace as they are to Winona, the only thing at all to be said in favor of Winona is that the way is about two miles and a half nearer, yet the court doesn't think that it has a right to say that the mere matter of a difference of two and a half

miles in distance cannot define or control a student or his parents in determining whether they shall send to the one school rather than to another. Nothing has been offered to show the difference, if any, between the schools at Wallace and at Winona."

It is provided that tuition shall be free in all high schools established under the Barnes high school law, and there is a provision that pupils living in an adjacent county duly qualified to enter may attend a Barnes high school in an adjacent county, and the board of county commissioners of the county where the pupils reside shall pay a prescribed tuition to the district where they attend. It is also provided that the bills for tuition shall be paid from the general fund of the county where such pupils reside. The statute applicable is R. S. 72-3014, and under it the defendant was liable for the tuition. (*School District v. Community High School,* 126 Kan. 51, 267 Pac. 23.)

It is contended that the statute is invalid in that it would operate to divert funds levied for one purpose to another in a violation of section 4 of article 11 of the constitution. As we have seen, provision was made for payment of such tuition claims out of the general fund. It is conceded that that fund is provided for the payment of the ordinary current expenses of the county. It may be used for paying incidental expenses pertaining to the government of the county, and some discretion as to what are incidental is vested in the county commissioners. Some unusual expenses may be paid from it if there is a surplus in the fund. It was competent for the legislature to declare that small claims like those involved here are a current expense, payable out of the general fund where such payments will not deplete the fund. (*State, ex rel., v. Raub,* 106 Kan. 196, 203, 186 Pac. 989.) A like question was raised in *State, ex rel., v. Thomas County Commissioners,* 122 Kan. 850, 253 Pac. 406, where the question was fully discussed and authorities cited. It was there held that such a provision was not a violation of section 4 of article 11 of the state constitution, and for the same reasons the provision in question cannot be held invalid.

Another contention is that some of the claims presented were barred by the statute of limitations because action thereon was not brought for more than two years after the cause accrued. These bills were presented to the defendant on June 2, 1924, and the suit was begun on May 21, 1927. It appears that the claims were duly presented to the defendant and in good time. The claims arose un-

der and are liabilities created by statute upon which actions may be brought within three years. (R. S. 60-306, subdiv. 2.)

Some other objections are made which are not deemed to be substantial, and finding no error in the record, the judgment is affirmed.