339 F.2d 788
 RESERVE RURAL HIGH SCHOOL DISTRICT NO. 4, BROWN COUNTY, KANSAS, Appellant,
v.
Helen HANIKA, County Superintendent of Schools for Richardson County, Nebraska, and Lawrence Wiltse, County Treasurer of Richardson County, Nebraska, Appellees.
 No. 17657.
 United States Court of Appeals Eighth Circuit.
 December 31, 1964.
 
 Ernest J. Rice, Topeka, Kan., made argument for appellant and filed brief with Harold L. Gurske, Falls City, Neb., and Richard W. Shaw, Hiawatha, Kan.
 Archibald J. Weaver, Falls City, Neb., made argument for appellees and filed brief with Henry F. Schepman, County Atty., Richardson County, and Bayard T. Clark, Falls City, Neb.
 Before MATTHES, BLACKMUN and RIDGE, Circuit Judges.
 MATTHES, Circuit Judge.
 
 
 1
 Reserve Rural High School District No. 4 of Brown County, Kansas, instituted this action against Helen Hanika, County Superintendent of Schools of Richardson County, Nebraska, and Lawrence Wiltse, the Treasurer of that county, seeking a judgment for the amount due for tuition of Richardson County High School students who attended Reserve High School during the 1960-61 school year. The issues, tried to the court, Judge Van Pelt, without a jury, were resolved in favor of the defendants. Plaintiff has appealed from the judgment dismissing the action with prejudice.[1] Diversity of citizenship and the amount involved establish jurisdiction.
 
 
 2
 There is little, if any, dispute in the basic facts. Reserve High School is located in Kansas approximately two miles from the Nebraska border. For several years prior to the 1960-61 school year a number of students residing in or near the vicinities of Rulo and Preston, Nebraska, had attended the Reserve High School. Rulo is approximately 13.6 miles from the Reserve school and approximately nine miles from Falls City, Nebraska. Preston is about the same distance — 7 miles — from Reserve and from Falls City. Falls City's high school had an enrollment of between 375 and 400 pupils and is an approved and accredited school in Nebraska. Reserve high school had an enrollment of 65 to 70 pupils including the 31 pupils from Nebraska and is an approved school in Kansas. Preston has less than 50 inhabitants and Rulo has approximately 400.
 
 
 3
 Although appellee refused to issue the necessary certificates showing eligibility for attendance of Reserve, nevertheless the 31 students attended Reserve during the year in question, and failure on the part of the county to pay the tuition precipitated this law suit.[2] Appellee's refusal to issue the required certificates was motivated because of an expressed intention by the Falls City District to transport by bus the Rulo and Preston students to the Falls City School during the 1960-61 school year. This information was conveyed by appellee to the Deputy State Commissioner of Education of Nebraska who advised appellee not to approve free high school tuition claims for students attending Reserve.[3] After being so advised, the appellee notified the Reserve School Board and the parents of the students of her decision.[4]
 
 
 4
 At the outset and by way of explanation, we note that Nebraska has provided by statute for a free high school education to all children of the State whose parents or guardians reside in a public school district which maintains less than a four year high school course of study. See Rev.Stat.Neb. Ch. 79, § 494 through § 4,106 (1943), Reissue of 1950 and the 1961 Cumulative Supplement. Sections 79-494 and 498 provide that in order to be entitled to the benefits of the Act, a pupil must procure a certificate from the county superintendent of schools showing the pupil is eligible and qualified. Of particular relevance here is § 79-4, 106. Cumulative Supplement, 1961, the statutory authority for payment of tuition for Nebraska pupils attending a Kansas high school. This statute in pertinent part provides that in counties which are contiguous to the boundary line of Nebraska, whenever the public school district in which the parent or guardian of a school pupil lives is "remote from and is not convenient to" a public school district in Nebraska which has been approved by the State Department of Education as a school qualified under the Act, and there is an insufficient number of high school pupils therein to organize and maintain a high school, the county superintendent shall certify and the county treasurer shall pay in accordance with the provisions of § 79-4,103, the tuition of the pupils to the high school district "maintaining the most convenient high school located in an adjoining state", subject to four enumerated conditions which are not in issue.
 
 
 5
 From Judge Van Pelt's memorandum opinion, unreported we are led to believe that one of the issues before him was whether, in light of the 1959 amendment of § 79-4,106, the county superintendent was required to make the determination as to convenience and remoteness. Prior to 1959, the statute contained the provision "upon recommendation of the county superintendent." This provision was omitted in the 1959 revision and the statute now reads, "the county superintendent of the county contiguous to the boundary line of this state shall certify and the county treasurer shall pay" the tuition. Judge Van Pelt reached the conclusion apparently on the authority of two decisions of the Kansas Supreme Court[5] which dealt with a similar Kansas statute, and the legislative history of the 1959 amendment that the legislature did not intend to change the effect of the statute, and that the burden of making the determination of convenience and remoteness, remains upon the county superintendent.
 
 
 6
 Appellant does not take issue with or challenge the trial court's interpretation of § 79-4,106. Rather, it contends and attempts to demonstrate that the "actions and decisions of appellee Hanika regarding the convenience and remoteness question" were induced by bad faith and were arbitrary and capricious. This contention seems to be predicated on three circumstances. One, that in prior years appellee had made the certification which enabled the pupils to attend Reserve; two, that she did not notify plaintiff of the change in her position until after its annual meeting and the approval of its budget whereby it became financially obligated to defray the expense incident to educating the 31 Nebraska students; three, that subsequent to the 1960-61 school year, appellee had issued certificates to some pupils from the Rulo and Preston vicinities which qualified them to attend the Reserve High School.
 
 
 7
 The issue of bad faith and arbitrary and capricious action on the part of appellee was accorded careful consideration by the trial court and resolved against plaintiff. It goes without saying that since the issue presented a question of fact, our function on appeal is to determine whether the trial court's findings are clearly erroneous; see Rule 52, Fed. R.Civ.P. We too have carefully reviewed all of the evidence and are fully satisfied that there is utterly no basis for setting aside the Court's findings on this fact issue. Indeed, this record is virtually void of any evidence which would justify a contrary finding. The facts clearly comport with appellee's determination that the Falls City school was not remote or inconvenient. Additionally, the relevant information was accurately reported to the State Department of Education, and the Deputy Commissioner after consultation with the Attorney General's office, informed appellee that "your only choice * * * is to inform the people there that you can not approve free high school tuition claims for their children to attend school in Kansas". This advice was promptly communicated to appellant and the parents of the children. In this state of the record, it will hardly suffice to say that appellee's certification as to remoteness and convenience was motivated by bad faith and was arbitrary and capricious.
 
 
 8
 Appellant also contends here as it did below, that it should be permitted to recover quantum meruit for the value of the services performed in educating the 31 Nebraska pupils during the school year in question. Appellant reasons that because of the practice of past years, it had the right to believe that the children would attend its school again (this in face of the notice to the contrary) and that it accordingly prepared its budget and employed teachers for the 1960-61 year.
 
 
 9
 We find no support in the law for this rather novel theory. Generally, in order to recover quantum meruit there must be a contract, express or implied, that is, proof of either a contract made by the parties or of facts creating a liability by implication of law. 98 C.J.S. Work and Labor §§ 1 and 5, pp. 718, 721. From this it inevitably follows that where there is no authority to contract then recovery will not be allowed. This rule is pertinently pointed out in Neisius v. Henry, 142 Neb. 29, 5 N.W.2d 291, 296 (Neb.Sup.1942) in this language:
 
 
 10
 "There is much distinction between a contract with a city which is the result of an illegal exercise of an authorized power and one which is illegal because of a statutory disqualification to make a contract, or to create liability. The former may be ratified or a suit quantum meruit maintained. But where one is prohibited by statute from entering into a contract, and the obligation of the contract avoided for so doing, an action quantum meruit cannot be maintained. It would amount to nothing more than complete protection to one who would carelessly disregard or intentionally violate the law." Accord, Capital Bridge Co. v. County of Saunders, 164 Neb. 304, 83 N.W.2d 18, 22 (Neb.Sup.1957) where the Court stated:
 
 
 11
 "Where a contract has been entered into in good faith by a county, which contract was within the power of the county to make but was void for failure to comply with statutory requirements, an action in quantum meruit for the service performed or the material furnished may be maintained."
 
 
 12
 Appellee asserts that this rule forecloses the right of appellant to recover quantum meruit because the county superintendent is wholly without authority, statutory or otherwise, to enter into a contract for payment of tuition of children who attend a school maintained by another district within or without the State of Nebraska.
 
 
 13
 The authority the county superintendent may have must be exercised within the terms and conditions of the statute. Bierman v. Campbell, 175 Neb. 877, 124 N.W.2d 918 (1963). Our examination of the statutory duties and powers of the county superintendent failed to reveal any authority for this official to contractually bind the free high school tuition fund for the payment of tuition. Neither has counsel for appellant cited us to authority which sustains its "quantum meruit" theory. It relies primarily on the proposition that "in the interest of justice and equity" appellant should be compensated for the services it has rendered.
 
 
 14
 On this issue, we are in accord with Judge Van Pelt's conclusions, so aptly expressed in his memorandum opinion:
 
 
 15
 "While the defendant Hanika had authority to make the decision as to the remoteness of the residence of the pupils to the closest Nebraska approved school, the Court does not find any authority for her to bind the free high school tuition fund to a contract such as would be necessary to allow recovery under quantum meruit. The effect of allowing such a recovery would be to provide an effective way for parents at any time to disregard the determination of the county superintendent and make their own selection of the high school to be attended. Much as it may be desirable to grant parents control over the education of their children, it can be paid for out of the free high school tuition fund only by compliance with the procedures enacted by the legislature."
 
 
 16
 Additionally, we are constrained to observe that while it may be unfortunate that appellant must be denied recovery, its predicament is of its own making. Although it was put on notice in the early part of June, 1960, that the necessary certification would not be forth-coming, it nevertheless, in complete disregard of such notice, and without any authority in law, pursued a course which brought about the condition which it now seeks to have alleviated by the courts. There being no sound legal basis for the granting of relief to appellant, the judgment must be and is
 
 
 17
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Hereinafter, for the sake of brevity, we shall refer to Reserve Rural High School District as Reserve or appellant, and to Helen Hanika, County Superintendent of Schools of Richardson County, as Hanika or appellee. Lawrence Wiltse, the County Treasurer was made to party defendant because of the statutory obligation of the Treasurer to pay the tuition when legally due
 
 
 [2]
 The County Superintendent issued eligibility certificates to the 31 students as required by Sections 79-497 and 79-498, R.S. of Nebraska, but limited or conditioned the certificates by this statement which appeared on each certificate: "Good only in Nebraska."
 
 
 [3]
 Under date of May 24, 1960, the Deputy Commissioner of the Department of Education of Nebraska advised Mrs. Hanika as follows:
 "After discussing the matter with a representative of the attorney general's office, I think your only choice in regard to the situation at Rulo and Preston is to inform the people there that you cannot approve free high school tuition claims for their children to attend school in Kansas. The fact that the Falls City District will send a bus to Rulo next year certainly rules out the prerequisite for payment of tuition claims across State lines, as found in School Law 79-4,106, which states that a school must be remote from and not convenient to the legal resident of a Nebraska pupil desiring such tuition."
 
 
 [4]
 Under date of June 3, 1960, Mrs. Hanika wrote a letter to the Reserve School Board in which she quoted the letter received from the Deputy Commissioner of the State Department of Education, appearing in footnote 3, supra, and advising the Board that: "Since this is the recommendation from Lincoln, I will no longer pay free high school tuition across the state line".' The letter to the parents written under date of June 7, 1960, was of like tenor
 
 
 [5]
 Board of Education of the City of Bonner Springs v. Board of Commissioners of Leavenworth County, 119 Kan. 117, 237 P. 1055 (1925); Byers Rural High School District Number 2 v. Board of Commissioners of Stafford County, 121 Kan. 287, 246 P. 681 (1926)