## No. 23,864.

### SCHOOL DISTRICT No. 47, BOURBON COUNTY, *Plaintiff*, v. C. F. COLLINS et al., *Defendants*.

#### SYLLABUS BY THE COURT.

1. MANDAMUS—*Writ Asked Against Officers of a Disorganized Rural High-school District.* Under the pleadings, it is held for present purposes that the rural high-school district whose officers are sued herein has been legally disorganized.
2. SAME—*Action to Enforce Payment of Debt—Plaintiff Has "Adequate Remedy at Law."* Even if such disorganization had not taken place the plaintiff school district would not be entitled to mandamus to enforce the payment of its alleged debt—there being an adequate remedy at law.
3. RURAL HIGH-SCHOOL DISTRICT—*Indebtedness Does Not Prevent Disorganization.* Mere indebtedness for use of a building and for the sale of equipment is not such as to prevent disorganization under chapter 250 of the Laws of 1921.

Original proceeding in mandamus. Opinion filed February 11, 1922. Writ denied.

*John H. Crain,* and *Douglas Hudson,* both of Fort Scott, for the plaintiff.
*Hubert Lardner,* of Fort Scott, for the defendants.

The opinion of the court was delivered by

WEST, J.: School district No. 47, Bourbon county, seeks by mandamus to compel the officers of rural high school No. 1 to certify a tax levy to the county clerk, alleging that the rural district is indebted to the plaintiff on account of a lease in the sum of $800, and for certain high-school equipment sold by the plaintiff to the defendants in October, 1920, for $400, and is without funds to pay these obligations unless the writ is issued.

The story in brief is that for over ten years before the establishment of the rural high-school district, school district No. 47 maintained a high-school department, but when the former was organ-

ized it absorbed this department, and there are a large number of students of the rural high school in this district who will be deprived of the privilege of completing a high-school course unless the defendant officers perform their duty.

The defendant, J. P. Ralston, director of the high-school district, admits substantially the allegations of the plaintiff and says that his co-defendants refuse to levy the tax on the theory that the rural high-school district has been disorganized.

The two other members of the board answer that they did not certify the tax because their district has paid all debts so far as they know and that pursuant to legal petition and election it has been disorganized. They further allege that the plaintiff has no right to maintain this action and has no legal capacity to bring it. That for the plaintiff to maintain an action in mandamus it must first have a judgment, and that to obtain such judgment there is a plain and adequate remedy at law, and if any public interest is involved it is for the public officers to seek relief instead of the plaintiff.

The statute provides that the writ of mandamus may be issued "to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust or station." (Gen. Stat. 1915, § 7646.)

"The writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law." (Id., § 7647.)

"Every school district . . . shall be a body corporate, and shall possess the usual powers of a corporation, . . . and in that name may sue and be sued." (Id., § 8900.)

Were the plaintiff's debt that of a private citizen the latter could by no means collect it by process of mandamus, but would have first to put his claim in judgment and then show some legal reason why an action in mandamus would lie. No reason is pointed out or perceived why district No. 47 has any more or different rights in this respect than a private person would have.

The defendant, Ralston, in his answer asserts that the disorganization election was illegal; that the poll made by the parties to the initial proceedings was not true and correct and contained only about five-sevenths of the legal electors; that the petition was not true because circulated by about six different persons simultaneously by means of signatures secured to blank sheets of paper which were afterwards attached to sheets of a typewritten petition, attached and verified by only one of the circulators.

In the answers by the other members of the board it is alleged that the petition was duly signed by two-fifths of the legal electors; that 397 legal electors out of 660, the total number, voted for disorganization. Further, that they did not employ teachers because the district had been disorganized; that the books of the district do not show any contracts between it and the district No. 47 touching any lease, or any purchase of any equipment, and that no account or bill of any kind was filed with the board therefor; that after the election the vote was canvassed and the result reported to the county clerk; that since such election they have had no authority to make or certify any levy to the county clerk, and they deny that the library equipment claimed by the plaintiff was ever purchased by these defendants or by the district.

The statute, chapter 250 of the Laws of 1921, requires a petition of two-fifths of the legal electors and that fifty per cent of the total number thereof vote in favor of the disorganization. Defendant Ralston impugns the validity of the petition but not the sufficiency of the vote. The other officers allege the sufficiency of both, setting out the requirements, and figures demonstrating such sufficiency. The election having been called, and canvassed, and the proper vote to disorganize having been shown, we must assume, for the present at least, that disorganization has been effected, unless such were prevented by reason of the indebtedness existing on the part of the rural high-school district. The only indebtedness alleged to exist consists of the lease made in 1920 of an upper story and the furniture of a schoolroom for a term of thirty-six months at $400 a year payable the 15th of January of each year, and an account for certain alleged equipment claimed to have been sold the defendant district. Under the decision in *The State, ex rel., v. School Board,* post, p. 779, this sort of indebtedness forms no bar to disorganization.

While as indicated in that decision the legislature appears to have made no express provision for meeting the debts of the district whether bonded or otherwise, some means will, doubtless, be found to enable those holding valid claims to realize thereon.

In view of the foregoing, it is held that the plaintiff is not entitled to the writ, first for the reason that the rural high-school district appears to have been legally dissolved, and second, because if it had not been, the plaintiff would have an adequate remedy at law.

The writ is therefore denied.