No. 25,327.

R. T. KREIPE, Receiver, etc., *Plaintiff,* v. THE COMMERCIAL NATIONAL BANK, *Defendant.*

### SYLLABUS BY THE COURT.

MANDAMUS—*Will Not Lie to Compel a Solvent Bank to Pay Over Money Which It has on Deposit to the Credit of an Insolvent Bank in the Hands of a Receiver.* Mandamus will not issue to compel a solvent bank to pay over money which it has on deposit to the credit of the checking account of another bank which has become insolvent, and is in the hands of a receiver, since the receiver may recover the money in an ordinary action at law, and in which any defense of the depositary to the demand for payment can be more readily determined than is practicable in mandamus.

Original proceeding in mandamus. Opinion filed December 8, 1923. Writ denied.

*Frank Doster, George S. Allen,* and *J. E. Addington,* all of Topeka, for the plaintiff.

*Edwin S. McAnany, Maurice L. Alden,* and *Thomas M. Van Cleave,* all of Kansas City, for the defendant.

The opinion of the court was delivered by

DAWSON, J.: In this original proceeding in mandamus, the plaintiff receiver of the Halls Summit State Bank, an insolvent institution, seeks to compel the defendant to pay to him the sum of $4,257 on deposit with the defendant to the credit of the insolvent bank's checking account.

The defendant moves to quash the alternative writ on the ground that the plaintiff has a plain and adequate remedy in the ordinary course of the law.

It need not be elaborated here that mandamus is one of the extraordinary and prerogative writs which can only be invoked where the

ordinary processes of justice are ineffective or inadequate, for example, to compel the exercise of some corporate or official power or to require the performance of some corporate or official duty which the state had conferred or imposed upon a corporation or officer for its own sovereign purposes or convenience. Thus, where the state grants to a group of individuals the power to organize and conduct a corporate business, such as a railway, a bank or a ferry, mandamus will issue to compel the corporate group to exercise the power and to discharge the corresponding duty to operate the railway, the bank, or the ferry. So, too, where the state has granted to an individual an official commission as sheriff, auditor, or the like, it may compel such officer to exercise the official powers and perform the official duties connected with the office of such functionary. Occasionally, too, mandamus will control the conduct of private individuals who are associated with corporations or officers where that is necessary to sweep away every impediment or hindrance to complete performance of the duty required of the corporation or officer on whom some part of the corporate or official sovereignty has been imposed. But mandamus does not extend to the mere collection of debts, since a very simple, age-old procedure is provided for their collection—an ordinary action at law.

Counsel for plaintiff, while conceding these general principles, contend that the defendant, the Commercial National Bank, having received a grant of corporate power to receive money on deposit, must perform the corresponding corporate duty of making repayment of such deposit on demand. Very true, but if the banking corporation refuses to honor checks or other legitimate demands for the repayment of deposits, mandamus would be a less adequate remedy than ordinary actions at law. The only adequate redress for such wholesale disregard of corporate duty would be quo warranto to forfeit its corporate powers, and a receivership to take over its property and pay its debts and wind up its affairs.

It is contended, however, that although an ordinary depositor in a solvent bank whose check or demand for his money was dishonored or refused would have to proceed to collect it through the ordinary course of the law, yet where that depositor is a bank and such bank fails and is placed in the hands of a receiver, the latter's duties are of such a public character that an added corporate duty thereby becomes imposed on the depository bank to pay over to the receiver the amount of the deposit, and that such corporate duty can be com-

pelled by mandamus. We think not. The relation of the depositor and depositary is fixed when the deposit is made. It is simply that of creditor and debtor. The responsibilities of the depositary do not become greater nor less nor different because the depositor afterwards becomes insolvent, and is placed in the hands of a receiver. The receiver steps into the official shoes of the managing officers of the insolvent bank; if his check or demand on the depositary is dishonored, his remedy is the same plain, simple, and adequate one which may be invoked by any depositor whose check or draft is wrongfully dishonored.

The recent case of *Bank Commissioner v. Stewart*, 113 Kan. 402, 214 Pac. 429, is cited as sanctioning the present action. We think not. There the defendant by virtue of his office, trust or station, as president of the insolvent bank, had come into possession of certain property—papers, documents, notes and guaranties, of the bank. As president, he acquired possession of bank property, and as president it was his duty to surrender that possession to his official successor. That is all that case decided.

Moreover, if the depositary has some offset or counterclaim against the insolvent bank's deposit, it would not be just to prejudice its right thereto by requiring it willy nilly to hand over the money and take its chances of recovering it *pro tanto* in a scramble with other creditors of the insolvent bank. The depositary is entitled to a trial in an ordinary action at law for the determination of any meritorious defense it may have against the plaintiff's demand. Indeed if the depositary has a meritorious defense to plaintiff's demand, such as offset, or counterclaims for rediscount or the like, mandamus is not well adapted to their adjudication.

The writ is denied.