No. 25,562.

C. L. DOLMAN and C. C. CLARK, a Copartnership, etc., *Plaintiffs*, v.
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
KINGMAN, *Defendant*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Building County Bridges—Cost of Excess Material and Addi-
tional Work—To Be Determined by Arbitration.* Under a contract for
building county bridges, it was essential to a claim by the contractor for
the cost of additions and requirements in excess of those provided for in
the contract, that they should be agreed to in writing by the parties and
be approved by the state highway engineer before such materials were fur-
nished or work was begun.

2. SAME—*Terms of Contract Not Followed by Contractor—Waiver.* The
action of a contractor in furnishing excess material and doing additional
work without obtaining such written agreement therefor will ordinarily
operate as a waiver for such excess material and work.

3. SAME—*Stipulation for Arbitration Incomplete and Indefinite—Not En-
forced by Mandamus.* The following stipulation in the contract for arbi-
tration, namely:

"Both parties to this contract agree that before action shall be started
in any court, any question at issue under this contract shall be referred to
a board of arbitration consisting of one engineer appointed by the board,
one by the contractor, and a third to be chosen by these two. The party
losing the decision shall pay the fees and all expenses incurred by the arbi-
trators in making investigations and preparing and submitting reports,"

is held to be incomplete and indefinite and not such an agreement as can
be enforced by mandamus.

4. SAME—*Agreement for Arbitration Revocable by Either Party.* Such an
agreement for arbitration, if valid, is one that may be revoked by either
party before an award is made.

5. SAME—*Mandamus Not a Remedy for Collection of Debts or Damages.*
Mandamus is not an available remedy to recover debt or damages, and ordi-
narily obligations arising merely on contract cannot be enforced by man-
damus.

6. SAME—*Mandamus Will Not Lie Where There is Adequate Remedy at Law.*
Nor will mandamus lie where there is an adequate remedy in an ordinary
civil action.

Original proceeding in mandamus. Opinion filed May 10, 1924. Writ
denied.

*F. Dumont Smith,* of Hutchinson, and *Leonard S. Ferry,* of Topeka, for the plaintiffs.

*C. B. Griffith,* attorney-general, and *Clark A. Wallace,* county attorney, for the defendant; *Charles C. Calkin,* of Kingman, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an original proceeding in mandamus to compel the commissioners of Kingman county to submit a controversy alleged to have arisen as to the construction of county bridges to arbitration.

Plaintiffs allege that the commissioners of Kingman county entered into a contract with them for the construction of three bridges in the county of Kingman in accordance with standard specifications prepared by the Kansas state highway commission, which included the quality of gravel and cement to be used in the concrete work; that from the outset the county engineer of Kingman county acting for and in behalf of the commissioners, arbitrarily required the plaintiffs to use a much larger proportion of cement than was required by the specifications, and that this requirement damaged them to the extent of $10,000; that the county engineer made mistakes in the estimates as to the amount of rock to be removed and compelled the defendants to do excess work in that regard, to their damage; that the county engineer arbitrarily compelled plaintiffs to drive piling to a much greater depth than was required by the specifications, thus occasioning plaintiffs loss and damage; that by reason of these requirements, technical disputes have arisen between the plaintiffs and the county engineer, and upon the completion of the bridges when the plaintiffs presented to the board a bill for their extra expense and damage caused by the unjust requirements of the county engineer, and demanded payment therefor, payment was refused by the board. It is further alleged that the board adopted the theories of the county engineer, and the disputes between the plaintiffs and the defendant turned almost exclusively upon the technical questions mentioned whether the requirements as aforesaid made by the county engineer were legal or illegal under the contract and specifications. The specifications, which were a part of the contract, among other things, provided:

"Both parties to this contract agree that before action shall be started in any court, any question at issue under this contract shall be referred to a board of arbitration consisting of one engineer appointed by the board, one by the contractor, and a third to be chosen by these two. The party losing

the decision shall pay the fees and all expenses incurred by the arbitrators in making investigations and preparing and submitting reports."

It is alleged that upon a written demand for the submission of the disputed questions between the parties, the board refused to enter into arbitration. Plaintiffs aver that they have no adequate remedy at law except by mandamus, to compel the board to submit the disputed questions to an arbitration as the contract provides.

On a motion to quash the alternative writ defendant presents several grounds: first, that if it be assumed that the arbitration agreement is valid, it is not shown by the averments of the writ, that there has been a compliance with conditions precedent to a demand for arbitration; second, that the arbitration agreement is not valid and binding upon the parties; third, that if any obligation rests upon the defendant it is contractual merely and cannot be enforced by mandamus; fourth, that the plaintiffs have an adequate remedy at law and are not entitled to the remedy sought; fifth, that the remedy invoked is largely discretionary and that under the facts of the case the court, in the exercise of a sound judicial discretion, should refuse the writ.

As to the first ground of the motion, it is insisted that the plaintiffs were not entitled to demand arbitration because in the proposal or bid which was made a part of the contract it was stipulated that no additions, deductions nor charges could be made except by a written agreement with the board approved by the state highway engineer, and further in another part of the contract it is provided that the county engineer may with the approval of the board make alterations in the plans and character of the work, but that if such alterations should result in an increase or decrease of the quantity of work to be performed the contractor should accept payment at certain fixed unit prices, and that if alterations in the character of the work produced increased the cost to the contractor a fair and equitable sum should be allowed to him, to be agreed upon in writing by the contractor and the board before such work was begun, and that before any alterations were made they should first receive the approval of the state highway engineer. In another part of the specifications was a provision that, "should the meaning or requirements of these plans and specifications be in doubt the contractor and the board shall refer the question to the state highway engineer whose decision shall be final and binding on both parties alike." There are no averments in plaintiffs' pleading to the effect that the

alterations or requirements of the engineer were brought to the attention of the board before the work was done. There was no averment either that any written agreement as to the additions or changes had been made between the board and the contractor and no allegation that any of them had been approved by the state highway engineer. These were essential requirements of the contract. Plaintiffs allege that more cement was required than was provided for in the contract, that there was an excess of rock required of them and that they were compelled to sink the piling to a greater depth than the specifications required. If alterations, additions and requirements were insisted on by the county engineer, the plaintiffs should in compliance with the contract have presented the matter to the board and entered into a written agreement respecting them and should also have secured the approval of the same by the state highway engineer. The contract appears to have been drawn in conformity with the statute which provides for the supervision of the building of bridges and culverts by the state highway engineer and that no contract shall be binding on the county unless the cost of the same has been approved by the county engineer or the state highway engineer. (R. S. 68-1111 and 68-1112.) The failure of the plaintiffs to observe these requirements necessary to an adjustment of any addition or excess may be regarded as a waiver of any right in that respect which they might have asserted. The provisions for excess charges and allowances gave them rights and benefits which they could either claim or relinquish. They did not take the prescribed steps to avail themselves of the right and the defendant had a right to infer that any claim plaintiffs might have made because of changes or additions had been waived. Having expressly contracted that before claims for work and material above those specified must be agreed upon in writing and approved by the officer named, plaintiffs are not in a position to ask payment for the excess or for an arbitration of a dispute as to such excess.

Assuming that these omissions may be supplied by amendment we may consider the question whether the arbitration agreement sought to be enforced is binding upon the parties or is one subject to revocation. The agreement, as has been seen, provides for the submission of "any question at issue under this contract." In this respect it is as broad and comprehensive as it could be made and includes every question of law and fact that might grow out of the contract or as to any liability that might arise under it. On the

other hand it is singularly restricted as to the report of the arbitrators or the result of the submission. There is no provision that a binding award may be made nor what use may be made of the investigations and reports of the arbitrators. The only effect agreed upon is that the losing party shall pay the fees and expenses incurred by the arbitrators. If they should find that the requirements of the county engineer were unjustified and that the county was liable to plaintiffs in damages for $10,000 or other sum what use could be made of the finding? It is said that the agreement contemplates an action in court in that it provides that before action is begun arbitration shall be had. When an action is commenced will the finding of the arbitrators be conclusive or only *prima facie* evidence as to the liability of the county to plaintiffs? Ordinarily agreements of this character provide that any award made by the arbitrators shall be binding upon the parties, but here the parties chose to stipulate only that the fees and expenses of the arbitration should be paid by the losing party. If the findings of the arbitrators are without binding effect the proceeding would be futile. On the other hand if all questions that may arise under an executory contract and before controversies have arisen are to be submitted and finally determined by the arbitrators, there are many authorities that hold such an agreement to be invalid. (*Walker v. Insurance Co.*, 51 Kan. 725, 33 Pac. 597; *Guild v. Railroad Co.*, 57 Kan. 70, 45 Pac. 82; 5 C. J. 20, 25, 53). In a note in 47 L. R. A., n. s., 354, citing many cases the following conclusions are stated:

"A general agreement in or collateral to a contract to submit to arbitration any and all controversies that shall arise between the parties, empowering the arbitrators finally and conclusively to decide the entire dispute and every question of law or fact in the proceeding, to the utter exclusion of the courts, is voidable at will, with or without reason or excuse, by either party; and if either party chooses to ignore, rescind or repudiate altogether his agreement to refer and to resort directly to the courts to enforce his right or redress his wrongs, he is at perfect liberty to do so, and will not incur any penalty for his default, or encounter the slightest obstacle to the recovery of a judgment, or impediment to the progress of his suit." .

The modern tendency of courts is to liberally interpret such agreements with a view of carrying out the intention of parties and to encourage a resort to arbitrators for the settlement of disputes where it can be done consistently with the principles of law. In the authorities cited agreements to arbitrate disputes which have arisen relating to matters of appraisement, or which are incident to and

not the substance of the contract, or for the settlement of disputes, have been sustained; not all differences—to the exclusion of a resort to the courts—but for the purpose of ascertaining particular facts such as the quantity, quality or price of materials or workmanship, and where the agreement is made a condition precedent to the bringing of an action. (5 C. J. 43.) Apart from the fact that the agreement in question is all inclusive, purporting to cover all issues involved in the contract, we have here an agreement which is incomplete and indefinite in respect to what award may be made and. what effect is to be given to any finding or decision the arbitrators might make, and we think it is incomplete and indefinite and not such as to be enforcible by mandamus.

There may be a question too as to whether the county commissioners are authorized to enter into an agreement for a common law submission of a claim against the county. (See *District of Columbia v. Bailey,* 171 U. S. 161.) This question, however, has not been argued and will not be decided.

Again the contract was executory. The arbitration provision in it was in no sense statutory. It was an attempt at a common law submission and the general rule is that either party may revoke such an agreement before an award is made. (*Guild v. Railroad Co.,* supra; 5 C. J. 53; Note 47 L. R. A., n. s., 401.) Although there was no formal revocation by the defendant, plaintiffs allege that the defendant has unqualifiedly refused to submit to an arbitration, and that this action was taken at a regular meeting of the board. The action of the defendant is equivalent to a revocation. There may be an implied as well as an express revocation and it is to be implied by any act which makes it impossible for the arbitrators to proceed. (See authorities cited.) The revocation of the agreement if valid would of course entitle the other party to any damages he sustained by reason of the breach.

Again it is established law that mandamus will not lie where there is an adequate remedy in the ordinary course of the law. It cannot be said that the plaintiffs are without an adequate remedy. If under the contract and circumstances they are entitled to recover for extra material and work used in the building of the bridges, a recovery may be had in an ordinary civil action. Mandamus is not an available remedy to recover a debt or damages. (*Kreipe, Receiver, v. National Bank,* 114 Kan. 910, 220 Pac. 1061.) Only a contractual relation existed between the plaintiffs and defendant and

Dolman and Clark v. Kingman County.

the general rule is that obligations arising merely on contract cannot eb enforced by mandamus. (*State v. Bridge Company*, 20 Kan. 404; *State, ex rel., v. Smith*, 49 Neb. 755.)  It has been said that:

"The duties which mandamus will enforce must be such as result from an office, trust or station, such a provision frequently being embodied in statutes by which the nature and scope of mandamus proceedings are prescribed in the several states. Hence mandamus will not lie to enforce a contract as such; the obligation to perform it must be commanded by statute. The writ only lies to compel the discharge of official duties expressly imposed by law, and not contract duties implied from the contract relation," etc. (26 Cyc. 163. See, also, 18 R. C. L. 129.)

If it be assumed that because the members of the defendant board were officers, it was their duty to comply with the contract made with plaintiffs, still mandamus would not be an appropriate remedy to enforce the performance of the contract it had made.  The averment in the pleading that the judges and jurors of Kingman county were citizens and taxpayers of Kingman county, where an action on the contract would be required to be brought, and that it would be unjust to compel plaintiffs to resort to that tribunal when these persons were interested and would be required to pay any taxes levied to meet a judgment that might be obtained by plaintiffs. This would not render the remedy inadequate nor furnish a ground for a resort to the extraordinary remedy of mandamus.  There is nothing alleged and no reason to assume that the local tribunal would be affected by interest or prejudice but if it was found to exist a change of venue might be obtained.

The motion to quash the alternative writ must be sustained.

BURCH, J. (dissenting): The arbitration provision is just as much part of the contract as any other provision.  The presumption is the parties had something of importance in mind which they desired to provide for, and which they thought they did provide for, by what they said.  It is the business of interpretation to get hold of their intention and make it prevail if possible, rather than to make the provision farcical.

The provision contemplates the maintenance of actions.  The parties evidently did not intend to supersede the courts in respect to matters of law and fact generally and, applying the familiar rules of interpretation, it seems to me quite plain the purpose was to have any engineering question settled by a board of engineers, chosen as the provision indicates.  The literal meaning of the word "any" is obviously restrained by consideration of the character of

board the parties had in mind—a board of experts, to deal with questions which they of all men are best qualified to decide. The latter part of the provision speaks of "losing the decision," and attaches the usual consequences of defeat by final decision. Hence, I conclude the intention was to make the decision final. So interpreted, the provision is just as binding as the unquestioned provision making the state highway engineer a referee to whom disputes respecting the meaning of plans and specifications must be submitted, and whose decision is conclusive.

There is no adequate remedy at law, or any remedy at law, for breach of the provision. A litigant has a right to trial by jury. The court insists on trying the case without a jury. The court's judgment in the action is no remedy whatever for denial of jury trial. So here, a law action to recover on plaintiff's claims is no remedy for denial of arbitration, and benefit of the provision can be obtained in just one way—by enforcing it.

I doubt whether mandamus is the proper method of enforcement. I have no doubt that specific performance would lie, and since the allegations of the petition are sufficient to warrant that relief, I am inclined to think the action might be treated accordingly.