# JANUARY TERM, 1927.

## PRESENT:

Hon. WILLIAM A. JOHNSTON, Chief Justice:
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. JOHN MARSHALL,          Justices.
Hon. JOHN S. DAWSON,
Hon. W. W. HARVEY,
Hon. RICHARD J. HOPKINS,

No. 27,340.

SCHOOL DISTRICT No. 141 OF SEDGWICK COUNTY, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF KINGMAN, *Defendant*.

SYLLABUS BY THE COURT.

1. SCHOOLS—*Tuition—Attending High School in Adjacent County.* The rule of law declared in *Byers Rural High School v. Stafford County Comm'rs,* 121 Kan. 832, adhered to and followed.

2. MANDAMUS—*Adequate Remedy at Law—Compelling Payment of Tuition.* Mandamus will not lie in favor of a high school in a county operating under the Barnes high-school law to compel the board of county commissioners of another county, also operating under that law, to pay the tuition of high-school pupils residing in the latter county who have attended high school in the former county.

Original proceeding in mandamus. Opinion filed December 30, 1926. Motion to quash allowed; action dismissed.

*Ed T. Hackney,* of Wellington, for the plaintiff.
*H. E. Walter,* of Kingman, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, by mandamus, seeks to compel the board of county commissioners of Kingman county to pay the tuition of high-school pupils who resided in Kingman county and who attended the high school in the plaintiff high-school district in Sedgwick county. Both counties were operating under the Barnes high-school law.

Mandamus, 38 C. J. p. 697 n. 77. Schools and School Districts, 35 Cyc. p. 1119 n. 76, 78.

1. The petition states facts which bring the case completely within the rule declared in *Byers Rural High School v. Stafford County Comm'rs*, 121 Kan. 832, so far as the liability of Kingman county to the plaintiff district is concerned. No good purpose will be served by stating in detail the facts in this case. The rule of law declared in *Byers Rural High School v. Stafford County*, supra, is adhered to and followed.

2. The defendant has filed a motion to quash the alternative writ of mandamus, one ground of which is that inasmuch as the action is one to recover money, the plaintiff has an adequate remedy at law and mandamus will not lie. The action is one for the recovery of money. Payment has been refused. Payment cannot be compelled by mandamus. (*Oberhelman v. Larimer*, 110 Kan. 587, 204 Pac. 678, *School District v. Collins*, 110 Kan. 776, 204 Pac. 746; *Kreipe, Receiver, v. National Bank*, 114 Kan. 910, 220 Pac. 1061; *Dolman and Clark v. Kingman County*, 116 Kan. 201, 226 Pac. 240; 38 C. J. 558.)

The motion to quash is allowed.

Since the plaintiff cannot prevail by mandamus, the action is dismissed.