[Civ. No. 3575. Third Appellate District.—February 12, 1929.]

W. P. CLINE, Plaintiff and Appellant, v. W. TYLER SMITH, Defendant and Respondent; THE FALLS RUBBER COMPANY (a Corporation), Cross-defendant and Appellant.

698

Joseph Scott and A. G. Ritter for Appellants.

Bordwell, Mathews & Wadsworth, Odell S. McConnell, Ray W. Bruce and John H. Mathews for Respondent.

FINCH, P. J.—This is one of the actions arising out of the contract and transactions set forth in *Campbell* v. *Smith* (No. 3574), *ante*, p. 689 [274 Pac. 758], to which reference is hereby made for a more complete statement of facts. The plaintiff in this action is the assignee and agent of the Falls Rubber Company.

The complaint is in three counts, on three trade acceptances executed by defendant in favor of the Falls Rubber Company. The jury found in favor of the plaintiff for the amount of these trade acceptances and judgment was entered accordingly. The defendant has not appealed from the judgment and the facts upon which it is based need not be further considered.

By cross-complaint the defendant set up a cause of action against the plaintiff and the Falls Rubber Company for damages on account of the termination by that company of the contract set forth in the Campbell case and its refusal to furnish tires and tubes as provided therein. By a separate verdict and a separate judgment the defendant was awarded damages on his cross-complaint in the sum of $25,000. The plaintiff and the company have appealed from the judgment. The trial court gave the following instructions, among others, to the jury:

"14. Unless the power of an agent is coupled with an interest in the subject of the agency, it may be terminated by its revocation by the principal, *within a reasonable time after the consideration was given for the agency,* and under such circumstances no liability exists on the part of the principal for such termination. . . . The agency of Mr. Smith under said contract was not an agency coupled with

an interest, and . . . plaintiff had a right under paragraph 27 of its contract, to terminate the contract at any time upon sixty days' notice to defendant.

"31. If the defendant and the cross-complainant is entitled to recover in this case for injury to his business, the measure of damages for such injury is such sum as will compensate him therefor, and in arriving at such sum you should consider evidence introduced on his behalf of profits earned by him under said contract with plaintiff, also any increase in the sales of said business from the time the business was started until the filing of plaintiff's suit, and you should also consider what the future would bring in the way of profits to defendant and cross-complainant from a business established as shown by the evidence, *and also that his contract had eight years to run.*"

Instruction 14 was given at the plaintiff's request, except the part thereof italicized herein, which was added by the court. Instruction thirty-one was given at the request of the defendant and cross-complainant. Appellants contend that the italicized parts of both instructions are erroneous. In respondent's brief it is said: "The Falls Rubber Company had the power to revoke the agency and to terminate the contract, but it did not have the right to do so after agreeing not to for a period of ten years, until the expiration of that time." ■ Paragraph 29 of the agreement provides that "either party may terminate this contract at any time by giving to the other party sixty days notice of its intention to do so." It is unnecessary to cite the numerous authorities holding that such a provision in a contract is valid and binding upon the parties. Attention, however, is directed to *A. Leschen & Sons Rope Co.* v. *C. T. Patterson & Co.,* 130 La. 557 [58 South. 336], because it involves a state of facts in legal effect the same as those of this case. In that case the contract provided: "This agreement can be cancelled by either party by giving thirty days notice to the other party." The objection that the length of notice was unreasonably short was overruled and the provision quoted was held binding upon the parties to the contract. ■ Respondent contends that the agreement was modified by the following letter:

"Mr. Tyler Smith,
 "1242–44 South Flower St.,
 "Los Angeles, Calif.
 "Subject: Sixty Day Clause.

"Dear Sir:—In reference to the second paragraph of your letter wherein you refer to paragraph (29) on Contract, termination of agreement in sixty days, the writer wishes to give the explanation of this paragraph himself. We have been in business since 1909 and we have never as yet withdrawn a contract from a distributor or a representative but upon mutual consent. All our agreements are based upon the confidence we have in our distributor or agent more than they are on the legal points, but for your information should we happen to get hold of a crook, we certainly would not wish to tolerate him for one year. For that reason the writer has insisted upon that sixty day clause in every contract. You will find this same term used in contracts with companies that are not worth over five hundred dollars. Where there are so many contracts outstanding you can readily understand if they were not standardized it would make an endless job to keep them in mind and the writer will give you his word of honor that you need have no concern as to the termination of this contract without you are amply and amicably taken care of and I trust that this will allay your mind of any uneasiness with regard to being disturbed so long as you represent us faithfully as you have in the past. With best wishes for your success we remain

 "Very truly yours,
 "THE FALLS RIVER COMPANY.
 "M. J. O'DONNELL. president."

The defendant, referring to the agreement and the foregoing letter, testified: "At the time this agreement was executed it was signed by me here in Los Angeles. At the time that it was signed, at the time that it was executed by me, the circumstances concerning its execution were that I had returned from the factory; they mailed the contract to me for signature here; previous to signing it I had written them objecting to certain clauses; they answered this with a letter which was satisfactory to me. I signed the contract, returned it to the factory; they signed it at the

factory and returned it to me. . . . I objected to the sixty-day clause and received his (O'Donnell's) assurance in another letter which I considered was a supplement to the contract." The context shows that by the words "another letter" the witness meant the letter of October 5, 1922, quoted herein. His own letter to the company, to which the letter of October 5th was an answer, was not produced and no attempt was made to show the contents thereof other than by his statement that he "objected to the sixty-day clause." He did not further explain the nature of his objection. Whether the objection was to the length of the notice of election to terminate the contract or to any option at all to terminate it does not appear. In the company's letter of October 5, 1922, it is said: "Should we happen to get hold of a crook, we certainly would not wish to tolerate him for one year." It may be inferred from this statement, in the absence of other evidence, that the defendant had asked the company to change the provision as to notice of election to terminate the contract from sixty days to one year. It is unnecessary, however, to base the decision on such an inference.

The letter of October 5th emphasized the sixty-day clause and made it clear that the company insisted upon its retention in the contract. After the receipt of that letter the defendant could have been in no doubt as to the meaning of the provision in question, and the very fact that he objected to it shows that he understood its meaning.

Respondent relies on the following statement contained in the letter: "The writer will give you his word of honor that you need have no concern as to the termination of this contract without you are amply and amicably taken care of and I trust that this will allay your mind of any uneasiness with regard to being disturbed so long as you represent us faithfully as you have done in the past." It is contended that this letter and the formal contract must be construed together as one instrument, and that, "aside from telling Smith in positive terms that there would be no termination of the contract without he was 'amply and amicably taken care of,' the letter further promised that Smith would not be disturbed so long as he represented the company faithfully." It appears from the defendant's testimony that the letter was a part of the negotiations preceding or accompanying

the execution of the contract. In the absence of fraud or mistake, it was inadmissible as evidence of the terms of the contract, which were neither uncertain nor ambiguous. (Code Civ. Proc., sec. 1856; Civ. Code, sec. 1625.) The formal contract executed by the parties provides: "(20) It is mutually agreed by and between the parties hereto, on the consideration aforesaid: . . . (31) That the full and entire agreement between the parties hereto is contained in this writing, and supersedes all previous contracts between said parties." This is more than a mere admission that the instrument contains the entire agreement between the parties. It is a covenant to the effect that neither party is to be bound by any agreement or understanding not contained in the writing. The letter was not attached to the contract or in any manner referred to therein.

 The italicized parts of both instructions quoted are prejudicially erroneous. Paragraph 29 gave either party the right to terminate the contract "at any time," by giving the required notice, and the jury, in estimating defendant's damages, if any, had no right to consider, contrary to the plain provisions of the contract, that it "had eight years to run." In view of the company's right to terminate the contract at any time on sixty days' notice, there is not sufficient evidence to warrant a judgment in favor of the cross-complainant for anything like $25,000.

The judgment is reversed.

Plummer, J., concurred.