BOARD OF EDUCATION (Hocking Co) v

STATE ex PARKER

Ohio Appeals, 4th Dist, Hocking Co

Decided Mar 11, 1929

Eugene Wright, Logan, for Board.

Geo W Christman, Logan and Woolley & Rowland, Athens, for Parker.

MAUCK, J.

The section referred to provides that the board may dismiss an appointee or teacher for neglect of duty, improper conduct or other reasons set forth in that section. It provides that no teacher shall be dismissed except after charges are reduced to writing and an opportunity be given for defense. Certainly the statute itself seems to make a distinction between an appointee and a teacher, and to give, to a teacher only, the right to be heard upon an attempted dismissal. Miss Parker was not a teacher and was, therefore, afforded no protection by Section 7701.

We are further of the view, however, that Miss Parker was not only not a teacher but was not an appointee. The term appoint and the term elect are properly used to indicate that one has been chosen for an office created by law with prescribed duties. The term employment is of broader significance. It, in a broad sense, includes appointments to positions but it includes much more. 22 Ruling Case Law, 377, 380. The two terms are carelessly used in the school code, it appearing that generally the term elect or appoint is applied to the engagement of those whose positions rise to the dignity of public officers. However, in the matter of teachers in city school districts the statute provides for their appointment, Section 7703, while in village and rural school districts they are employed, Section 7705. Whether appointed or employed, however, they are protected by Section 7701 from dismissal without a hearing. Miss Parker was in no sense a public officer nor an officer of the board of education. The only authority found for her engagement is found in that sentence of Section 4744-1 GC. which reads:

"The county board *** may employ an efficient stenographer or clerk for such superinttendent."

Neither the compensation, length of service, hours of service or duties of such clerk or stenographer are fixed by statute. Such clerk or stenographer is, consequently, an employe by contract only and has, as such employe, only such rights as are fixed by the contract of employment. Such employes as stenographer, janitor, engineer or others rendering services under contract only, are confined to such remedies as are afforded those who claim that their contracts of employment have been violated. The sole remedy in such cases is an action at law for the breach of the contract. 18 Ruling Case Law 129, State v Road Company, 16 OS. 308, Mt. Vernon v. State, 71 OS. 428. This court and other courts have, perhaps improvidently, awarded or sustained the awarding of writs of mandamus against public officials where full performance has been had and there remained nothing to do but the satisfaction by payment of a contract fully performed. In this case, however, the contract was not performed and the power of the court to enforce an unperformed contract by a writ of mandamus is directly challenged. The challenge is sustained. The trial court was without power to award the writ and the judgment is reversed.

Middleton, PJ and Blosser, J, concur.