[Civ. No. 10891. Second Appellate District, Division Two.—March 30, 1936.]

RALPH B. BLACK et al., Respondents, v. CITY OF SANTA MONICA (a Municipal Corporation) et al., Appellants.

Boyd C. Barrington, City Attorney, and Robert N. Baker, Assistant City Attorney, for Appellants.

Walter H. Sprague and Charles Greenberg for Respondents.

GOULD, J., *pro tem.*—Plaintiffs, acting under a contract with defendant City of Santa Monica, were engaged in making alterations in the municipality's street lighting system. By its terms the contract provided that the city should be the sole judge as to the satisfaction and performance of the work done by the contractors and that it might at any time "upon ninety days' written previous notice" cancel and terminate said contract.

The within action is a proceeding in *mandamus* against the city and its officers, alleging that the contract was canceled by defendants without any notice whatsoever, and that by reason of that act and by the failure and refusal of defendants to make certain electrical circuit releases and permits, plaintiffs were prevented from carrying out their contract according to its terms. Relief was asked in the nature of a judicial mandate directed to the city and its officers ordering them to perform the necessary acts to permit plaintiffs to resume work under the contract and decreeing that the contract be terminated only upon ninety days' notice as provided by its terms. Defendants interposed general and special demurrers, which were overruled by the court; defendants in open court declined and refused to answer the complaint and judgment thereupon was ordered for plaintiffs. Defendants appeal.

■ Appellants' contention that the contract might be terminated by the city without notice and in disregard of the ninety-day provision is untenable. A notice of cancellation declaring cancellation effective at a time short of that stipulated in the contract is without effect and does not operate to work a cancellation. (*Oldfield* v. *Chevrolet Motor Co.,* 198 Iowa, 20 [199 N. W. 161, 35 A. L. R. 889] ; *Cline* v. *Smith,* 96 Cal. App. 697 [274 Pac. 761].)

■ But even assuming that respondents were entitled under the terms of their contract to a ninety-day notice and that appellants disregarded respondents' legal rights by the immediate termination of the contract without notice, it does not follow that the extraordinary remedy of mandate may be invoked herein. It is difficult to discover vital points of difference between the situation presented herein and that obtaining had respondents been working under a contract with a private corporation instead of with a municipal corporation. For failure on the part of the private corporation to observe the terms of its contract respondents would have resorted to an action at law, as, for example, damages for breach of contract. Here the same remedy is available against the municipality, and it is elemental that *mandamus* may not be invoked where there is a plain, speedy and adequate remedy in the ordinary course of law. (Code Civ. Proc., sec. 1086.) Furthermore, the law imposes upon municipal corporations and their officers no special duty to carry out the terms of contracts or to refrain from breaches of contractual relations. They are not singled out, as distinguished from other corporate entities or other individuals, as especially enjoined to observe contractual obligations; and as stated in *Perrin* v. *Honeycutt,* 144 Cal. 87 [77 Pac. 776], "when [the writ of mandate] is applied for, there must be a clear case to 'compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station' ". In our opinion disputes arising out of such a contract with a municipal corporation are to be litigated in the usual and ordinary forms of legal actions rather than by calling upon the extraordinary remedy of *mandamus.*

The judgment is reversed with directions to the trial court to sustain the general demurrer without leave to amend.

Wood, J., and Crail, P. J., concurred.