181 P.2d 819

MARTIN et al. v. WHITING et al.

No. 4931.

Supreme Court of Arizona.

June 25, 1947.

392

J. Mercer Johnson, County Atty., and Odin B. Dodd, Deputy County Atty., both of Tucson, for appellants.

Fred W. Fickett and William S. Dunipace, both of Tucson, for appellees.

LaPRADE, Judge.

This is an appeal from a writ of mandamus issued by the lower court directing the county school superintendent and board of supervisors of Pima County, Arizona (in following the proceedings required by sec-

tion 54-403, A.C.A.1939, pertaining to the fixing of boundaries of school districts) to re-establish the boundaries of Amphitheatre High School District No. 4 as they were prior to June 17, 1941. On that date the board of supervisors entered an order approving the action of the school superintendent recommending a change of the boundaries of Amphitheatre High School District No. 4, and voted to annex a part of Common School District No. 16 to it. The authority of the school superintendent and the board to effect this annexation was challenged by a proper action in the superior court resulting in a judgment holding the attempted annexation to be null and void. Said judgment was affirmed by this court in Ross v. School District No. 16, 60 Ariz. 9, 130 P.2d 914. The appellant officials, refusing to be bound by the judgment, have included continuously in .Amphitheatre High School District No. 4 a portion of Common School District No. 16, determined by this court not to be legally incorporated in the High School District. The petitioners for the writ of mandamus are taxpayers in that portion of District No. 16 which was incorporated into Amphitheatre High School District No. 4, and their properties were assessed for high school purposes for the years 1942, 43, 44, and 45. The tax statements and receipts of the county treasurer did not include a separate itemization showing that the lands of the petitioners and others similarly situated were being taxed for high school purposes. The high school tax rate for the years 1942, 43, and 44 was relatively low and the taxpayers were unaware that high school taxes were included. The tax rate for the year 1945 for Amphitheatre High School District No. 4 jumped from approximately 33¢ per $100 valuation to $1.7934. The marked increase in petitioners' tax bills provoked inquiry and brought to light what had been transpiring as well as the threat that their properties would continue to be taxed for high school purposes. Petitioners and twenty-five other taxpayers in District No. 16 paid the 1945 high school tax that was assessed against their properties under protest and thereafter brought suit to recover the same. This suit resulted in a judgment in favor of petitioners which was appealed to this court, and, for the purpose or presentation, was consolidated with the appeal from the issuance of the writ of mandamus.

As pointed out above, the attempted annexation was by order of the board of supervisors under date of June 17, 1941. From that date to the present time no proceedings of any kind have been instituted to secure the annexation that was originally attempted. At the time of the oral presentation of these appeals, counsel for appellants admitted that there was no merit in the appeal from the money judgment refunding the taxes paid under protest.

As a consequence of the determination that the attempted annexation proceedings were null and void, the properties of appellees were relieved of any obliga-

tion to support the High School District. Under our law for the creation and maintenance of school districts, only properties within the district are subject to taxation for district purposes. This statement of the law requires no citation of authority.

The announced purpose of these appeals is to secure a reversal of the decision in the Ross case, supra. Appellants earnestly contend that the court was in error in determining that the annexation proceedings were a nullity. They insist that the provisions of section 54-404, A.C.A. 1939, authorizing a change in school district boundaries, apply to high school as well as common school districts. This is the identical contention that was made in the Ross case. In the Ross case the plain-. tiffs were School District No. 16 and taxpayers and electors in said district who were objecting to being made a part of High School District No. 4. Plaintiffs in the instant suits are not the same persons who were plaintiffs in the Ross case, supra, but in contemplation of law they are the same since all plaintiffs in these suits sued in their capacity as taxpayers. In the Ross case, plaintiffs sued to have the attempted annexation declared a nullity for the reason that they did not wish their property subjected to taxation for high school purposes. The determination in that case was for their benefit and the benefit of all taxpayers in that portion of District No. 16 that was attempted to be annexed to the High School District. Here, the plaintiffs are suing to recover taxes unlawfully assessed and collected. That these taxes were unlawfully assessed and collected follows as a consequence of the decision in the Ross case. The judgment in the Ross case is res adjudicata of the rights of the parties in the instant case. Luhrs v. City of Phoenix, 33 Ariz. 156, 262 P. 1002. This appeal is nothing more than a belated motion for a rehearing in the Ross case. The decision declaring the annexation proceedings to be null and void had the effect of establishing that nothing had ever been done to change the boundaries of the High School District. The status quo ante the order for the annexation was revived. The question that appellants desire to litigate is not before us and has not previously been in issue in these two appeals. The opinion in the Ross case does not preclude the initiation of proceedings having for a purpose the, enlargement of the High School District. If a change in the boundaries of the High School District were ordered and again subjected to review in this court, we would have before us a justiciable issue and an opportunity to review the correctness of the decision in the Ross case.

By the provisions of section 54-403, A.C.A.1939, it becomes the duty of the county school superintendent on the first day of July of each year to file with the board of supervisors a transcript of the boundaries of each school district within the county, and when said transcript is approved by the board of supervisors the boundaries shown in the transcript become

the legal boundaries of the district. No discretion is vested in the board of supervisors to disapprove the transcript of boundaries filed by the county school superintendent provided it is correct. If the transcript is correct, the duty of the board to approve is merely ministerial. A writ of mandamus may be issued to compel the performance of an act which the law specifically imposes as a duty resulting from an office. Section 28-201, A.C.A.1939; State v. Board of County Supervisors, 14 Ariz. 222, 127 P. 727. The duty to file a correct transcript of boundaries and the duty to approve a correct transcript of boundaries are clearly enjoined as duties resulting from the offices involved. The county school superintendent and the board of supervisors know the correct boundaries of High School District No. 4. The peremptory writ was correctly issued.

The judgment is affirmed.

STANFORD, C. J., and UDALL, J., concur.