Harold Tessler, J.
This is an article 78 (Civ. Prac. Act) proceeding brought by the executors of the estate of Anthony V. Mudzinski, for an order directing and commanding the respondent to accept a “ Designation Of Beneficiary ” form which was executed by the decedent shortly before his death, but filed subsequent to it, and to make the necessary provisions for the payment to petitioners of those sums held by the respondent as the decedent’s cash death benefit and accumulated salary deductions. Mary Mudzinski, the decedent’s wife, moves to intervene in the proceeding.
The facts are not controverted. The decedent was an employee of the New York City Transit Authority. He joined the New York City Employees’ Retirement System on June 27, 1947, and at that time nominated his wife, Mary Mudzinski, to receive the ordinary death benefit and accumulated salary deductions in the event of his death while in city service. Subsequently, he and Ms wife were separated and remained separated at the time of his death.
On March 20, 1962, the decedent executed a ‘ ‘ Designation Of Beneficiary ” form in which Dorothea De Kay Brennan was *1045 nominated as the beneficiary of the cash death benefit and accumulated salary deductions. Miss Brennan is a coexecutor of the decedent’s estate and one of the petitioners herein. Immediately after executing the aforesaid form the decedent delivered it to his attorney for the purpose of filing it with the respondent. The form was not offered for filing, however, until March 26, 1962, the day after the decedent’s death. The respondent accepted the form but marked it invalid and has refused to pay the benefits to the designee named therein.
On the same day that the decedent executed the 1 ‘ Designation Of Beneficiary ” form he also executed a last will and testament, the third decretal paragraph of which provided that his funeral expenses be paid with the proceeds of the New York City Employees’ Retirement System cash death benefit.
The respondent refused to accept the ‘ ‘ Designation Of Beneficiary ” form on the basis of section B3-32.0 of the Administrative Code of the City of New York which provides that “ Upon the death of a member * * * there shall be paid to his estate, or to such person as he has nominated or shall nominate by written nomination duly executed and filed * * s during the lifetime of the member ” (emphasis supplied).
The application is in the nature of the former writ of mandamus. The function of an order of mandamus is to enforce the performance of a duty specifically enjoined by law (People ex rel. Desiderio v. Conolly, 238 N. Y. 326, 333). It cannot be said that the respondent is enjoined by law to honor a “ Designation Of Beneficiary” form filed after the decedent’s death, since the Administrative Code (supra) specifically requires a nomination of beneficiary to be in writing and to be filed during the lifetime of the member.
Moreover, the remedy of mandamus is available only in cases where other remedies fail and the conditions surrounding its use are not found in the ordinary suit at law. (See Matter of Coombs v. Edwards, 280 N. Y. 361, 364.) Its function is to enforce performance of some act relating to a public matter or right and not to enforce rights based upon contract (Matter of Weidenfeld v. Keppler, 84 App. Div. 235, affd. 176 N. Y. 562). In the case at bar it appears that the petitioners may have a remedy based on the contractual relationship existing between the decedent and the respondent (cf. Considine v. Considine, 255 App. Div. 876; New York Const., art. V, § 7).
The petition is dismissed, without prejudice to any other rights the petitioners may possess.
The application of Mary Mudzinski to intervene in this proceeding: is denied as moot.