509 P.2d 612

**BOARD OF EDUCATION OF the SCOTTS-DALE HIGH SCHOOL DISTRICT NO. 212 and the Board of Trustees of the Scottsdale Elementary District No. 48; Tom L. Larsen, Robert B. Usdane, Osmond Burton, James Wellington and Gloria Welch, members thereof, real parties in interest, Appellants,**

**v.**

**SCOTTSDALE EDUCATION ASSOCIATION, Appellee,**

**Lawrence K. Nelson; Mrs. Betsy Goudy; Samuel F. Kitchell; Keith O. Stephens; Robert A. Edwards; and Milton Masson, Jr., Appellants in Intervention.**

**No. 11038–PR.**

Supreme Court of Arizona, In Banc.

May 2, 1973.

Moise Berger, Maricopa County Atty., by Albert Firestein, Phoenix, for appellants.

Harrison, Myers & Singer, by Mark I. Harrison, Phoenix, for appellee.

Lewis & Roca, by John P. Frank and Mary M. Schroeder, Phoenix, for appellants in intervention.

STRUCKMEYER, Justice.

This Special Action was brought by the Scottsdale Education Association in the Superior Court of Maricopa County to compel compliance by the Board of Education of the Scottsdale High School District No. 212 and the Board of Trustees of the Scottsdale Elementary School District No. 48, hereinafter called the Board, with a collective bargaining agreement entered into between the Association and the School Boards. Judgment was entered in favor of the Association. The Court of Appeals reversed. We accepted review. Opinion of the Court of Appeals vacated, and this cause is remanded to the Superior Court with directions to dismiss appellee's complaint.

In the spring of 1970, an election was held at which the certificated teachers of the high school and elementary districts chose the Education Association as their exclusive bargaining agent. In August of 1971, the Association and the Board entered into a collective bargaining agreement dealing with such matters as wages, conditions and hours of employment. In February of 1972, after unsuccessful negotiations for a successional agreement, the impasse procedure set forth in the agreement was invoked by the Association. It called for a three-member panel, one member chosen by the Association, one by the Board, and a third member chosen by the other two members. The panel was authorized by the agreement to make non-binding findings and recommendations on salaries and other conditions of employment. The Board, however, declined to follow the impasse procedure, failed to appoint a member of the panel, and thereafter unilaterally set teachers' salaries for the succeeding school year.

The Association in its complaint in the Superior Court prayed for an order directing the Board to comply with the procedure. While it also sought to have the Board restrained from carrying out practices which were at variance with the procedure, it is clear that such relief in the form of negative injunction is not authorized by special action.

Before passing on, we note the recital in the Superior Court's judgment which we assume reflects its theory of the case:

"The Court further finds that the defendant Board voluntarily entered into the Agreement with the plaintiff Association and is contractually bound to honor the terms of the Agreement with plaintiff Association during the life of that Agreement."

By the Constitution of Arizona, Article 6, § 14, A.R.S., the Superior Court has original jurisdiction of certain enumerated classes of cases "and such other jurisdiction as may be provided by law." The Legislature, by A.R.S. § 12–2021, has provided that the Superior Courts may issue writs of mandamus to a person or board to compel performance of an act which the law specifically imposes as a duty resulting from an office.

In 1969, at the instigation of the State Bar of Arizona, this Court adopted Rules of Procedure for Special Actions, 17 A.R.S., 1972 Supp. 313. By Rule 1, the relief previously obtainable against a body, officer or person by writs of certiorari, mandamus or prohibition are now obtainable under this rule. However, the rule specifically provides that "nothing in these rules shall be construed as enlarging the scope of the relief traditionally granted * * *."

 Mandamus is an extraordinary remedy issued by a court to compel a public officer to perform an act which the law specifically imposes as a duty. Martin v. Whiting, 65 Ariz. 391, 181 P.2d 819 (1947). It proceeds upon the assumption that the applicant has an immediate and complete legal right to the performance of an act which the law specifically enjoins as a duty arising out of an office. It does not lie if the public officer is not specifically required by law to perform the act. Graham v. Moore, 56 Ariz. 106, 109, 105 P.2d 962, 964 (1940).

 The writ of mandamus is a common law writ designed to enforce legal rights and is essentially a procedure at law.

Nethercutt v. Pulaski County Special School District, 248 Ark. 143, 146, 450 S.W.2d 777, 778 (1970). It does not lie where the duty sought to be enforced rests on contract. Black v. Santa Monica, 13 Cal.App.2d 4, 56 P.2d 256 (1936); Board of Public Instruction of Gilchrist County v. Board of Public Instruction of Alachua County, 155 Fla. 79, 81, 19 So.2d 576, 577 (1944); Dolman v. Board of County Comm'rs., 116 Kan. 201, 226 P. 240 (1924); Hall v. State Roads Comm'n., 171 Md. 449, 189 A. 206 (1937); Parrotta v. Hederson, 315 Mass. 416, 419, 53 N.E.2d 97, 98–99 (1944); Mudzinski v. Board of Estimate, 37 Misc.2d 1044, 235 N.Y.S.2d 563 (Sup.Ct. 1962); County Board of Education v. State ex rel. Parker, 35 Ohio App. 29, 171 N.E. 610 (1929); Breckenridge v. Stoker, 264 S.W.2d 511 (Tex.Civ.App.1954), error refused n. r. e.; State ex rel. Baraboo v. Page, 201 Wis. 262, 229 N.W. 40 (1930).

As the court said in Black v. Santa Monica, *supra*:

"* * * the law imposes upon municipal corporations and their officers no special duty to carry out the terms of contracts or to refrain from breaches of contractual relations. They are not singled out, as distinguished from other corporate entities or other individuals, as especially enjoined to observe contractual obligations; * * *." 13 Cal.App.2d at 6, 56 P.2d at 257.

 There is no public law requiring the appellants to enter into impasse procedures. The obligation to do so arises wholly from the collective bargaining agreement. Mandamus is therefore not an appropriate remedy to compel compliance with the asserted breach of the agreement.

The judgment of the Superior Court is reversed with directions that the complaint be dismissed.

HAYS, C. J., and LOCKWOOD, and HOLOHAN, JJ., concur.

Note: Vice Chief Justice JAMES DUKE CAMERON did not participate in the determination of this matter.