## J. K. MORGAN v. A. D. SMITH.

1. ARBITRATION — *Compliance with the Statute.* Where parties undertake to enter into a submission under the statute, there must be a substantial compliance with the statutory requirements, to give the court jurisdiction to enter judgment upon the award.

2. ———— *Jurisdiction.* Where parties attempt to enter into a submission under the statute, and provide in the arbitration bond that the submission shall be made a rule of the circuit court within and for the county named therein, the district court of said county has no jurisdiction to enter up judgment upon the award.

*Error from Montgomery District Court.*

ARBITRATION proceeding by *Morgan* against *Smith.* After the award of the arbitrators had been delivered to each of the parties in interest, plaintiff *Morgan* filed the same, together with an arbitration bond, in the court below, and asked for judgment thereon. This the court refused, at the September Term, 1883. This ruling the plaintiff brings here for review. The opinion states the material facts.

*Dunkin & Chandler*, for plaintiff in error.

*J. D. McCue*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The question in this case is, whether the arbitration proceedings can be sustained so as to authorize the court below to enter judgment upon the award of the arbitrators, and not whether the proceedings are good as a common-law arbitration. After the award of the arbitrators had been delivered to each of the parties in interest, the plaintiff filed the same, together with a submission or arbitration bond, in the court below, and asked the court to enter up judgment thereon as on a verdict of a jury between the parties. This was refused. This ruling is complained of. The arbitration bond or agreement provided, "that this submission shall be made a rule of the circuit court within and for the county of Montgomery and state of Kansas, and that judgment may be entered in said court on said award, according to its terms." The statute (ch. 5*a*, Comp. Laws of 1879) is as follows:

"SECTION 1. That all persons who shall have any controversy or controversies, may submit such controversy or controversies to the arbitration of any person or persons to be mutually agreed upon by the parties, and they may make such submission a rule of any court of record in this state.

"SEC. 2. That the parties to such submission may enter into arbitration bonds, which bonds shall be conditioned for the faithful performance of the award or umpirage, setting forth the name or names of the arbitrators or umpire, and the matter or matters submitted to his or their determination; and when such is the agreement, that such submission be made a rule of any court of record within this state, or a rule of any particular court of record named in the submission.

"SEC. 8. That if either of the parties shall refuse or neglect to comply with said award or umpirage, the other party may file the same, together with the submission or arbitration bond, in the court named in the submission, or if no particular court be named therein, then in the district court in the county where said arbitration is held."

On the part of the plaintiff, it is claimed that " the provision relative to the circuit court can form no office further than to indicate that the parties intended to make the submission a rule of court; that having named a court which, in judicial notice, had no existence, no court was named ; therefore, that the district court in the county where the arbitration was held had jurisdiction to enter judgment upon the award."

On the part of the defendant, it is insisted that the agreement of the parties confers jurisdiction; that there was no agreement by the terms of the arbitration bond that the district court should entertain it, and that after the parties had inserted " circuit court" in the bond or agreement, it cannot be held that they meant the district court.

We think the latter view must prevail. The general rule is, that where parties undertake to enter into a submission under the statute, they must follow strictly the statutory requirements. Even where a more liberal rule prevails and informalities are disregarded, a substantial compliance with the statute is necessary, to give the court jurisdiction to enter judgment upon an award. By the expressed stipulations of the parties, the award was to be made a rule of the circuit court. This is not the district court of Montgomery county, and that court, under the arbitration bond, had no jurisdiction to enforce the award.

There is a circuit court of the United States for a circuit including Kansas, and this court has jurisdiction of certain cases between the citizens of Montgomery county, in this state, and citizens of other states. It would be just as fair to infer that the parties to these arbitration proceedings intended to make the award a rule of the circuit court of the United States, of Kansas, as to say they intended to make the award a rule of the district court of Montgomery county. Section 11, of said ch. 5a, reads: " If any legal defects appear in the award, or other proceedings, . . . the court may set aside said award." If this had been an action to enforce the award of a common-law arbitration, and to reform or correct

the arbitration bond, the question now presented would be wholly different.

The judgment of the district court will be affirmed.

All the Justices concurring.