Swisher v. Dunn.

---

A. Z. SWISHER, *Appellee*, v. P. L. DUNN, *Appellant*, and THE FIRST STATE BANK OF TRIBUNE, *Appellee*.

No. 18,121.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

SALE—*Drug Store*—*Mistake of Arbitrators*—*Issues on New Trial.* The order reversing this case (*ante*, p. 412) entitles the defendant to a new trial upon all the issues raised by the pleadings, excepting with regard to allegations held not to state a defense.

Appeal from Greeley district court. Opinion denying a rehearing filed June 7, 1913. Reversal sustained. (For original opinion, see *ante*, p. 412, 131 Pac. 571.)

*W. M. Glenn*, of Tribune, *Lee Monroe*, of Topeka, and *W. S. Roark*, of Junction City, for the appellant.

The opinion of the court was delivered by

MASON, J.: In the original opinion in this case it was said: "The record does not show the amount by which the appraisement was increased by this mistake, and therefore a new trial is necessary." (*Ante*, p. 416.) In a petition for a rehearing the defendant suggests that this language is open to the interpretation that a new trial is to be had solely for the purpose of ascertaining this amount, in order that it may be deducted from the sum previously found to be due to the plaintiff.

Such is not the meaning intended. The only matter finally determined is the validity of the contract. The defendant is entitled to a new trial upon all the other issues, including that raised by his allegation that he failed to accept and pay for the goods only because the plaintiff refused to deliver them without the payment of an amount unjustifiably demanded in excess of what was due under the contract; proof of this allegation will of course constitute a complete defense.

The petition for a rehearing is denied.