No. 36,541

A. C. THEISS, *Appellant,* v. THE CITY OF HUTCHINSON, *Appellee.*

No. 36,542

R. H. WELCH, *Appellant,* v. THE CITY OF HUTCHINSON, *Appellee.*

No. 36,543

J. M. TETER, *Appellant,* v. THE CITY OF HUTCHINSON, *Appellee.*

No. 36,544

C. D. WAGONER, *Appellant,* v. THE CITY OF HUTCHINSON, *Appellee.*

No. 36,545

P. L. WAGONER, *Appellant,* v. THE CITY OF HUTCHINSON, *Appellee.*

No. 36,546

W. E. ALBERTSON, *Appellant,* v. THE CITY OF HUTCHINSON, *Appellee.*

(169 P. 2d 615)

Opinion filed June 8, 1946.

*Walter F. Jones* and *J. N. Tincher*, both of Hutchinson, argued the cause, and *Clyde Raleigh, J. N. Tincher, Jr., J. Richards Hunter, Robert Y. Jones, Jr.*, all of Hutchinson, and *W. L. Cunningham*, of Arkansas City, were on the briefs for the appellants.

*Max Wyman*, of Hutchinson, argued the cause, and *Eugene White*, city attorney, and *Erskine Wyman*, of Hutchinson, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Six actions of landowners to recover damages from the city of Hutchinson for the vacation of roads outside of its corporate limits are by agreement consolidated on appeal. Judgment was for the city in each of the cases and the landowners have appealed.

None of the actions was tried on its merits in the district court. All appeals are from judgments rendered on the same motion. In order to understand the nature of the actions and the motion and judgment rendered thereon it is necessary to narrate certain facts and circumstances preceding the judgment.

During the war the navy department desired to acquire a lease on the municipal airport of the city of Hutchinson provided the city would enlarge it sufficiently to accommodate the government's needs; the city accordingly instituted two condemnation proceedings in the district court in order to acquire the necessary additional land; it appears the proceedings were instituted pursuant to the provisions of G. S. 1943 Supp. 3-113 *et seq.*; the district court appointed the same appraisers in each condemnation case; land was not taken from the farms of each of the appellants; it appears parties whose lands were taken have been paid therefor with the possible exception of a small portion of the land taken from the appellant W. E. Albertson; as a result of the land being condemned certain roads needed to be vacated and promptly closed to travel (by what particular proceeding they were finally vacated, if legally vacated, we do not know); other roads were to be opened and promptly constructed and improved to accommodate the appellant

landowners; it appears appellants claimed their property, and some of them claimed their business, would be damaged by the vacation of certain roads; at any rate in order that the project might proceed without objection or interference and be completed in the earliest possible time the parties agreed to coöperate to the fullest possible extent; in order to facilitate the determination of the amount of damage, if any, which appellants might suffer by the vacation of roads, the board of county commissioners of Reno county, the city of Hutchinson and the appellant landowners entered into a written agreement; the contract described the roads to be *vacated* and the roads to be *opened;* other pertinent provisions of the contract read:

"WHEREAS, certain property owners owning property in said area will be effected by said vacations; and

"WHEREAS, condemnation proceedings instituted for the purpose of acquiring land in Section Three (3), Four (4), and Nine (9) have not been completed, and it is the desire of all of the parties hereto to arrange *for the completion of said condemnation proceedings and the vacation of said highways and the opening of new highways,*

"NOW THEREFORE, this agreement made and entered into this 5th day of June, 1944, by and between the Board of County Commissioners of Reno County, Kansas, hereinafter designated as 'Party of the First Part'; The City of Hutchinson, Kansas, hereinafter designated 'Party of the Second Part'; and [appellant landowners, naming them] hereinafter designated as 'Parties of the Third Part,'

"WITNESSETH :

"*For the purpose of facilitating the determination of the amount of damages, if any,* sustained by Parties of the Third Part in the enlargement and improvement of The Hutchinson Municipal Airport and the condemnation of additional land therefore requiring the vacation of certain highways, it is agreed that C. H. Bailey, Eskel Swanson, and Bert Wilson shall constitute a Board of Commissioners *to hear the evidence offered by the Parties hereto as to the damage occasioned or caused to Third Parties, their properties and business* by such condemnation proceedings and vacation of highways. The same commissioners shall meet at an early date in the Court Room of the Court House in the City of Hutchinson at a time to be designated by them for the purpose of hearing the evidence on the question *of damages claimed* by Parties of the Third Part, and after hearing such evidence, said Commissioners shall make a report of their finding as to the amount of damages, *if any,* sustained by each of the Parties of the Third Part. Such findings shall be made in writing and filed with the appraisers appointed by the Court in the condemnation proceedings in Case No. 1577, and such report shall be accepted *by said appraisers as conclusive evidence of the damage, if any,* sustained by Parties of the Third Part.

"2. *This agreement shall not operate to deprive Second Party or any of Third Parties of the right to appeal to the District Court of Reno County*

*from the award of damages made by said appraisers as provided in this agreement.*

"3. Second Party agrees that it will procure good and valid petitions for the opening of new highways as follows: [Description.]

"4. In the opening of said highways described in the last preceding paragraph no benefit district shall be established whereby any of the property of the Third Parties shall be assessed any portion of the cost and expense of opening said highways, but the cost, expense and damage thereof shall be paid in such a manner as may be determined by First and Second Parties.

"5. The proceedings for the opening of said highways shall proceed simultaneously with the vacation of the highways hereinbefore described, and the highways so opening shall be constructed and improved and placed in good passable condition promptly and without delay, without cost or expense to Third Parties.

"6. The terms and provisions of this agreement shall be carried out expeditiously without delay and all Parties hereto agree to coöperate to the fullest possible extent in order that the terms and provisions of this agreement shall be carried out and completed at the earliest possible date." (Our emphasis.)

The contract was made a part of the files in the first condemnation case instituted by the city; the contractual board of commissioners made and filed their report of damages with the appraisers appointed by the court in the condemnation cases; the latter accepted the report stating, however, they did so only by reason of the fact the contract of the parties made the report of the contractual commissioners binding on them with respect to the damages, if any; the city appealed to the district court from each of the six awards; the appeals were docketed separately in the district court; while the record here reveals no order we are advised the district court, in response to the city's motion, directed each of the landowners to file a separate bill of particulars setting forth the damages claimed; they complied; the city filed no answer to any bill of particulars; it filed a motion for judgment in its favor in each of the six cases upon the ground the *pleadings and files* in each of these cases and the *pleadings and files* in the first condemnation case disclosed there was no liability of the city to respond in damages; the district court did not rule on the motion at that time; before the court ruled on that motion and at a later hearing the city filed another motion in each case. The pertinent portion thereof reads:

"COMES NOW, the City of Hutchinson, Kansas, appellant herein, and moves the Court for judgment and for right to introduce evidence on motion for judgment for the following reasons:

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"These appellants further allege that no claim has been made in any of the

pleadings, including the original Bill of Particulars filed in this case; that the highways agreed to be opened as provided in the contract, filed in case No. 1532, has not been done; that it will be an expensive and long process to the City and County to prepare evidence and try all cases involving the alleged damages by reason of the vacation of highways named in the contract; that these appellants should be allowed to introduce evidence showing a representation of the highways vacated and opened in connection with the motion for judgment filed herein in order that the questions of law be settled and expense of litigation saved if possible.

"WHEREFORE, appellants pray the Court to set the matter of this motion down for hearing on Saturday, September 1, or as soon as possible thereafter, and that appellants be allowed to introduce evidence in connection with its motion for judgment and for showing a representation of highways vacated and opened; that this Court grant the motion for judgment as originally filed in this connection."

The trial court indicated it would hear such evidence provided the parties would agree to the evidence the city desired to introduce. Appellants refused to so agree and objected to the introduction of any evidence in support of the city's motion for judgment. At a subsequent hearing the court did, however, admit evidence on the city's motion over the objection of appellants. The later motion of appellants to strike the testimony was likewise overruled. The city thereupon filed the following motion:

"At this time we want the record to show that the City now moves for judgment in its favor, that no damages be allowed in . . . [describing the six separate cases] and Case No. 1532, the original proceedings in condemnation, for the reason that under the *pleadings, the law and the bills of particulars and the evidence,* that said claimants are not entitled to damages as a matter of law." (Our emphasis.)

The judgment was the same in each case. The pertinent portion of one of the journal entries of judgment reads:

"WHEREUPON, *after hearing certain evidence introduced* by the City of Hutchinson, Kansas, hearing the argument of counsel *and being duly and fully advised in the premises, the Court finds that the motions of the City for judgment should be sustained* and that there is no liability as a matter of law on the part of the City of Hutchinson to respond in damages to the claimant, C. D. Wagoner, in this action. . . ." (Our emphasis.)

We do not deem it necessary to narrate all the evidence adduced by the city, including that disclosed by the files in the first condemnation case, in support of its motion for judgment. It is sufficient to state appellants refused to stipulate with reference to any evidence, written or oral, adduced by the city. They objected to its introduction, refused to cross-examine the witnesses and moved

to strike the evidence on the grounds it was incompetent in support of a motion for judgment on the pleadings and that portions of the evidence adduced were in dispute. Appellants refused to offer evidence on the hearing of the city's motion. Whether the evidence adduced by the city will be disputed by appellants on a trial, or the extent to which it may be disputed, we, of course, do not know. Courts, however, have no right to speculate concerning such matters and in so doing deny possible rights of litigants. Neither the district court nor this court has a right to compel a litigant to agree to evidence which he contends will be disputed.

One example in the instant case will suffice to show we cannot approve the practice employed in these cases. The city adduced evidence, a plat and oral testimony, relative to the effect the closing of established roads and the opening of new roads had upon the ingress and egress of the landowners to their farms. That evidence went to the heart of the question whether appellants suffered actionable damage by reason of the vacation of the existing roads. Assuming, without deciding, that on the trial of the cases on their merits the map or plat adduced in evidence by the city should be shown to be accurate and competent and that it should be determined claimants suffered no actionable damage, it does not follow claimants were compelled to agree to the accuracy and competency of the map or to the oral testimony concerning the effect the closing of some roads and the opening of others had with respect to the ingress and egress to appellants' farms. Appellants' objections to such evidence in the event of a trial may, or may not, be valid. If the city's evidence is competent, concerning which we now express no opinion, appellants nevertheless will be entitled to offer evidence which they believe will prove, or tend to prove, actionable damage. Their evidence may, or may not, be competent for that purpose but the determination of that question is likewise a trial function. Our statutes provide various methods for the settlement of disputes and for the determination of questions of law before a trial of the facts. (G. S. 1935, 6-101; 60-2704; 60-2902; 60-2938.) But we know of no provision authorizing the admission of evidence in support of a motion for judgment on the pleadings. Such a motion reaches only questions of law arising from facts appearing on the face of the pleadings.

Moreover, there were no pleadings in these separate cases. There was only a bill of particulars in each case. No demurrer was filed

to any bill of particulars and it was not contended any bill of particulars disclosed on its face the landowner was not entitled to recover. The commissioners had made their awards. The city appealed. The only question was whether *the evidence to be adduced on appeal* would disclose actionable damage. If it did not the actions were ended. If it did the only remaining question would have been the amount of damage sustained.

The district court admitted the city's evidence upon the theory that if facts could be established disclosing the effect the vacation of certain roads and the opening of others had on the farms of appellants insofar as ingress and egress were concerned, the court might be able to dispose of the cases as a matter of law without lengthy trials involving evidence of alleged damage. Such a procedure would have been a commendable one had there been an adequate agreed statement of facts in each of the cases. In the absence of such an agreement the judgment was improperly rendered.

The parties agree the principal question in these cases is the proper interpretation of the written contract. Appellants contend the city agreed to pay them whatever damages they sustained irrespective of whether such damages were legally recoverable under regular proceedings for the vacation of roads. They argue that fact is reflected by the following language of the contract:

". . . it is agreed that C. H. Bailey, Eskel Swanson, and Bert Wilson shall constitute a Board of Commissioners to hear the evidence offered by the Parties hereto as to the damage occasioned or caused to Third Parties, their properties and business by such condemnation proceedings and vacation of highways. The same Commissioners shall meet at an early date in the Court Room of the Court House in the City of Hutchinson at a time to be designated by them for the purpose of hearing the evidence on the question of damages claimed by Parties of the Third Part. . . ."

With that view the city does not agree. It contends the contract contains no language reasonably susceptible of being construed to mean the city bound itself to pay damages in excess of its legal liability in vacation proceedings. The city argues the contractual provision relied upon by appellants does not obligate it to pay consequential damages such as damage *to business*. It contends the provision only gave the commissioners the right to hear evidence of such damage *claimed by the appellants*. In further support of that contention the city directs attention to the contractual provision which expressly grants the right of appeal from the award of the

commissioners. (Paragraph 2.) The city insists the appeal provision is meaningless unless on appeal the city can be protected by the law of damages applicable to vacation proceedings. In other words, the city contends the contract was not intended to impose a liability on the city in excess of that created by law but was intended to assure the fullest coöperation of all parties in the prompt completion of the airport for war purposes (Paragraph 6), the protection of the existing legal rights of all parties and to facilitate the determination of the amount of damages, if any. The pertinent portion of the "Witnesseth" paragraph reads:

"For the purpose of facilitating the determination of the amount of damages, if any, sustained by Parties of the Third Part. . . ."

The district court agreed with the city's interpretation of the contract and we think rightly. In view of this conclusion we need not discuss the city's further contention its officers could not bind it by an *ultra vires* contract.

We have no right or desire to dictate to the parties or to the district court the manner in which this litigation should be conducted. A review of the record does, however, lead us to suggest it might be well to consider whether a trial of one, or possibly two, of the cases might not be sufficient to determine the controlling question or questions involved in all of them.

The appellant, W. E. Albertson, informs us that through errors of city officials in the second condemnation proceeding three and two-thirds acres of his land were condemned with other portions of his land and that he has not been paid for the former. That is a matter which we cannot determine in this appeal.

The judgment rendered in favor of the city on its motion is reversed and set aside. The district court's interpretation of the contract is approved and that portion of its judgment is affirmed.

The actions are remanded to the district court with directions to try the same in accordance with the views herein expressed.