No. 36, 896.

In re Municipal Airport Condemnation of THE CITY OF HUTCHINSON, *Appellant*, v. C. D. WAGONER, *Appellee.*

(186 P. 2d 243)

CLARK A. WALLACE, judge pro tem. Opinion filed November 8, 1947.

*Max Wyman,* of Hutchinson, argued the cause, and *Albert S. Teed,* city attorney, *Eugene White* and *Erskine Wyman,* both of Hutchinson, were with him on the briefs for the appellant.

*Walter F. Jones,* of Hutchinson, and *W. L. Cunningham,* of Arkansas City, argued the cause, and *J. N. Tincher, Clyde Raleigh, J. N. Tincher, Jr.,* all of Hutchinson, *D. Arthur Walker* and *William E. Cunningham,* both of Arkansas City, were with them on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This appeal arises out of a proceeding instituted by the city of Hutchinson to condemn lands for the enlargement of its municipal airport located outside the city limits.

No part of the land of appellee, C. D. Wagoner, was taken in the condemnation proceeding and the city did not make him a party

thereto. He, however, claimed he suffered consequential damages to his farm on which he conducted a nursery business by reason of vacating certain roads in connection with the enlargement of the airport. The merit of that claim is not now before us. The instant appeal presents primarily a jurisdictional question.

The condemnation proceeding was instituted pursuant to the provisions of G. S. 1943 Supp. 3-113 *et seq.* Its purpose was to enlarge the city's airport in order to meet the requirements of the United States navy which desired to acquire a lease thereon. In view of the large acreage condemned it was necessary to close certain roads. It appears a representative of the navy made oral application to the board of county commissioners of Reno county to vacate such roads and that the county commissioners gave notice of a hearing to vacate them. Landowners in the vicinity, including appellee, objected to the vacation. The county commissioners dismissed the vacation proceedings.

Appellant expresses doubt that the foregoing statements concerning the application to vacate and the dismissal of such proceedings were made a part of this record. Appellant, however, commendably states it does not object to our consideration of such facts if they will aid us. For present purposes it will suffice to state appellant does not contend the roads were vacated and the record discloses no vacation by the county commissioners or by the city, assuming the city had power to vacate them. Touching such power of the city we manifestly express no opinion. That question was not ruled by the district court and is not before us for review.

While the condemnation proceeding was pending the county commissioners, the city and certain landowners in the vicinity, including appellee, entered into a triparty agreement, "For the purpose of facilitating the determination of the amount of damages, if any, sustained by parties of the third part in the enlargement and improvement of the Hutchinson Municipal Airport and the condemnation of additional land therefor requiring the vacation of certain highways."

That contract was before us for construction in a previous appeal involving another aspect of this controversy. (*Hutchinson Municipal Airport Cases,* 161 Kan. 502, 169 P. 2d 615.) What was there said need not be repeated here. Reference is, however, made thereto in order to indicate what was determined, and that no contention was therein made by any of the parties that the

district court lacked jurisdiction over the appeal to it from the finding of damages resulting from the closing or vacation of highways or over any other matter involved in the litigation. It is quite evident all parties at that time assumed the district court had jurisdiction of the appeal. The question of jurisdiction apparently occurred to counsel for appellee later, as will presently appear.

Portions of the triparty agreement set forth in our former opinion are pertinent here and reference is made thereto without requoting them. For purposes of the instant appeal it is sufficient to state: Appraisers for damages for land condemned were appointed by the district court in the condemnation proceeding; damages for land condemned are not now involved; only damages found to have been sustained by appellee due to alleged vacation of certain roads are involved; the parties to the triparty contract agreed (a) upon three other commissioners to determine the damages sustained by the various landowners; (b) their findings were to be filed in the condemnation case and were to be binding on the appraisers appointed by the court in the condemnation case; (c) the appraisers appointed by the court accepted the findings of the contractual commissioners but in their supplemental report expressly stated they did so only by reason of the agreement of the parties which made those findings conclusive and that such findings did not represent their own views and opinions.

The city appealed to the district court from the findings of the contractual commissioners. On motion of the city, allowed by the district court, appellee was required to file a bill of particulars setting forth his claim for damages. Without any issues being joined by pleadings the city moved for judgment on the pleadings. There was no ruling on that motion. Over the objection of appellee the city introduced evidence in support of that motion and thereafter moved for judgment on the pleadings and evidence introduced in support of the motion. Appellee introduced no evidence. The trial court sustained the city's motion. That part of its judgment we formerly held to be erroneous but the trial court's interpretation of the triparty agreement as to damages was affirmed. The case was remanded for trial. (*Hutchinson Municipal Airport Cases,* supra.)

We now reach what transpired next in the district court and the rulings forming the basis of the instant appeal. Appellee filed an amended and a second amended bill of particulars. Appellant's motion to have the latter made definite and certain was overruled.

Appellant's general demurrer to the second amended bill of particulars was overruled. Thereafter appellee moved to dismiss the city's appeal to the district court on the ground the court had acquired no jurisdiction of the subject matter by virtue of the attempted appeal. The motion was sustained and the city appeals from that ruling, the ruling on its demurrer and from another portion of the judgment which will be mentioned later. If the court properly dismissed the appeal we, of course, do not reach the ruling on appellant's demurrer.

Did an appeal lie to the district court from the finding of damages made by the contractual commissioners relative to vacation of roads?

Condemnation of land is one thing—vacation of roads is another. This was not an appeal to the district court from an award of damages for land, made by appraisers appointed by the court in the condemnation proceeding, and the law pertaining to such appeals is not applicable.

As previously stated appellee's land was not condemned. He sought only damages alleged to have resulted from the vacation of roads. It appears roads were closed but the record presented by the city in its attempted appeal to the district court disclosed no order of the board of county commissioners or judgment of the district court vacating any roads. This is true even if the district court had such power in a condemnation proceeding instituted by the city. There having been no vacation of roads there could be no damages assessed by reason of such vacation by any board, tribunal, officers or contractual parties. The district court could acquire no jurisdiction over the subject of vacation when there had been no vacation.

We are presently concerned only with the jurisdiction of the district court. We are not now concerned with the fact roads were closed, without vacation, or with the legal consequences, if any, flowing from the finding of damages by the contractual commissioners. Rights or liabilities arising therefrom, if any, have not been determined and, of course, are not here for review.

The appeal to the district court did not lie for another reason. Before discussing it we pause to clarify a matter which may be confusing. We are not called upon in the instant appeal to determine what the effect of the qualified acceptance of the findings of the contractual commissioners by the appraisers appointed by the court

would be if such findings had pertained to damages for condemnation of land taken and an appeal had been perfected therefrom. That is not this lawsuit. Appellee's land was not condemned and the attempted appeal to the district court was from the findings of the contractual commissioners with reference to damages sustained by reason of vacation of roads.

Our state constitution provides:

"The district courts shall have such jurisdiction in their respective districts as may be provided by law." (Art. 3, § 6.)

In *Kansas City v. Dore*, 75 Kan. 23, 88 Pac. 539, a well-established principle was concisely stated:

"The right to an appeal is neither a vested nor a constitutional right. It is purely statutory, and may be limited by the legislature to any class of cases or in any manner, or may be entirely withdrawn." (p. 25.)

G. S. 1935, 20-301, provides that district courts shall have ". . . jurisdiction in cases of appeal and error from all inferior courts and tribunals. . . ."

G. S. 1935, 60-3301, provides that district courts shall have jurisdiction over, "A judgment rendered or final order made by a probate court, a justice of the peace *or any other tribunal, board or officer exercising judicial functions.* . . ." (Our emphasis.)

In *National Bank of Topeka v. State*, 146 Kan. 97, 68 P. 2d 1076, we denied the right of appeal from a judgment of the district court involving an inheritance tax commission order where the statute pertaining to that particular subject matter made no provision for appeal to this court, and said:

"It was the province of the legislature to determine the orders or judgments from which an appeal to this court would lie." (p. 100.)

In *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233, we denied the right of appeal from the district court to this court in a workmen's compensation case where the statute failed to provide for such appeal and stated:

"The legislature had the power to allow an appeal to a tribunal and to limit it to a particular one." (p. 649.)

So, too, the right of appeal to this court from an order of the district court under the first school reorganization act was recently denied by reason of legislative failure to provide for such appeal in the original act covering that subject. (*Evans v. George*, 162 Kan. 614, 178 P. 2d 687.)

Likewise, in the case of *In re Chicago, R. I. & P. Rly. Co.*, 140 Kan. 465, 37 P. 2d 7, it was held:

"Appeals which the civil code allows to be taken to the district court from any final order of an inferior court, tribunal, board or officer, are limited to such final orders as are of a judicial nature; and in the absence of a special statute authorizing a judicial review of the nonjudicial orders of such inferior tribunals and officials the district court has no jurisdiction to entertain them.

"The state tax commission is an administrative and not a judicial tribunal, and an appeal to the district court from its final rulings is neither authorized by the civil code nor by any other statute, and the district court properly declined to entertain such appeal and dismissed it." (Syl. ¶¶ 1, 2.)

Not only did the legislature fail to provide for a tribunal consisting of "contractual commissioners" to determine the wisdom of vacating roads and to appraise the damages resulting therefrom but it chose to vest such power in the board of county commissioners and provided only for appeals from its orders. (G. S. 1935, 68-102 *et seq.*) If the city had power to vacate these roads under the provisions of the municipal condemnation statutes (G. S. 1943 Supp. 3-113 *et. seq.*) it was not exercised. Contractual commissioners are not provided by our law. They did not exercise judicial functions and there is no provision authorizing an appeal from their decision.

Our attention is directed to the triparty contractual provision, to wit:

"This agreement shall not operate to deprive Second Party or any of Third Parties of the right to appeal to the District Court of Reno County from the award of damages made by said appraisers as provided in this agreement."

Whether this provision was intended to merely preserve a right of appeal which the parties believed they had, or was intended to create a right, need not be determined. It is sufficient to say jurisdiction of the subject matter of an action is vested by statute and cannot ordinarily be conferred on a court by consent (*Phillips v. Thralls*, 26 Kan. 780, 782; *Van Bentham v. Comm'rs of Osage Co.*, 49 Kan. 30, 39, 30 Pac. 111; *State v. Brown*, 144 Kan. 573, 61 P. 2d 901) or by waiver or estoppel (*Russell v. State Highway Comm.*, 146 Kan. 634, 73 P. 2d 29).

The judgment of the district court was:

"It Is Hereby Ordered, That claimant's motion to dismiss the appeal of the City of Hutchinson be, and the same is sustained, for want of jurisdiction in this court to entertain it, and that Case No. 1867 should be and is thereby terminated.

"It Is Further Hereby Ordered, That Case No. 1532, being the condemnation case from or in which the appeal, docketed as Case No. 1867, was taken,

having been completed as to all condemnation matters therein involved, be, and the same is hereby dismissed as to all other matters, particularly as to said tri-party contract and the reports of the two boards of commissioners thereon and thereunder, and is stricken from the docket for want of jurisdiction of any other or further proceedings therein."

While appellant contends the judgment of dismissal was erroneous it asserts that if it was correct then the triparty contract is of no further force or effect for any purpose. Appellee argues the findings of the contractual commissioners constitute an arbitration award. The city's appeal was dismissed for want of jurisdiction. These and some other contentions have not been decided by the district court and are not properly here for review. We express no views concerning them.

The judgment dismissing the appeal is affirmed.