No. 37,809

C. D. WAGONER, *Appellee*, v. THE CITY OF HUTCHINSON, *Appellant*.

(216 P. 2d 808)

Opinion filed March 11, 1950.

*Max Wyman*, special counsel, of Hutchinson, argued the cause, and *Albert S. Teed*, city attorney, and *Eugene White*, both of Hutchinson, were with him on the briefs for the appellant.

*Walter F. Jones,* of Hutchinson, and *W. L. Cunningham,* of Arkansas City, argued the cause, and *J. N. Tincher, Clyde Raleigh,* and *J. N. Tincher, Jr.,* all of Hutchinson, and *D. Arthur Walker, Wm. E. Cunningham,* and *William R. Howard,* all of Arkansas City, were with them on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: On October 16, 1947, C. D. Wagoner brought this action in the district court of Reno county to recover a judgment against the city of Hutchinson in the sum of $23,750 with interest since October 20, 1944, basing his right to recovery upon a certain contract. The city demurred to the petition upon the ground that it states no cause of action against the city. This demurrer was heard by the court and overruled. The city has appealed.

Other phases of the contract relied upon by plaintiff have been before this court on two occasions, in *Hutchinson Municipal Airport Cases,* 161 Kan. 502, 169 P. 2d 615, and in *City of Hutchinson v. Wagoner,* 163 Kan. 735, 186 P. 2d 243.

Since the contract is the sole basis of plaintiff's claimed right to the judgment sought we go directly to the contract and its construction. Its pertinent provisions may be summarized or quoted as follows:

Examining the contract we find: Facts are stated in four "Whereas" paragraphs: That the city has an airport at a stated location, which has been enlarged by certain described land; that the city has leased the airport to the United States navy and its improvement and use require the vacation of certain township roads, which are described; that certain owners of property "in said area will be affected by said vacation"; and that certain condemnation proceedings commenced have not been completed "and it is the desire of all of the parties hereto to arrange for the completion of said condemnation proceedings and the vacation of said highways and the opening of new highways."

Then the date of the contract is stated as June 5, 1944, and the parties are named: First party, Reno county; second party, city of Hutchinson, and third parties, C. D. Wagoner and four other individuals.

The agreements follow in six paragraphs:

"1. For the purpose of facilitating the determination of the amount of damages, if any, sustained by parties of the third part in the enlargement and improvement of The Hutchinson Municipal Airport and the condemnation of additional land therefore requiring the vacation of certain highways, it is agreed that C. H. Bailey, Eskel Swanson and Bert Wilson shall constitute a board of commissioners to hear the evidence offered by the parties hereto as

to the damage occasioned or caused to third parties, their properties and business by such condemnation proceedings and vacation of highways. The same commissioners shall meet at an early date in the court room of the court house in the city of Hutchinson at a time to be designated by them for the purpose of hearing evidence on the question of damages claimed by parties of the third part, and after hearing such evidence, said commissioners shall make a report of their findings as to the amount of damages, if any, sustained by each of the parties of the third part. Such findings shall be made in writing and filed with the appraisers appointed by the court in the condemnation proceedings in case No. 1532, and such report shall be accepted by said appraisers as conclusive evidence of the damage, if any, sustained by parties of the third part.

"2. This agreement shall not operate to deprive second party or any of third parties of the right to appeal to the district court of Reno county from the award of damages made by said appraisers as provided in this agreement."

Paragraphs 3, 4 and 5 pertain to opening of new highways. We presume they have been complied with, but in any event they are not involved in this action.

"6. The terms and provisions of this agreement shall be carried out expeditiously without delay and all parties hereto agree to coöperate to the fullest possible extent in order that the terms and provisions of this agreement shall be carried out and completed at the earliest possible date."

The contract was duly executed by the parties.

Following the execution of the above contract the commissioners named therein met at the time and place designated by them, heard the evidence, viewed the premises, and made a report to the commissioners appointed by the judge of the district court in the city's condemnation proceeding, case No. 1532, in which they described the property of the plaintiff herein, C. D. Wagoner, and found that the damages to his property which would be sustained by him to be $23,750. They also found the amount of damages which would be sustained by the other third parties named in the contract (and one other), but with this part of the report we are not concerned.

It will be noted the contract authorizes the commissioners named therein to find the amount of damages each of the third parties would sustain, and that is what the commissioners did. The contract did not authorize the commissioners named therein to find or determine who should pay such damages, and the commissioners did not make any finding concerning that matter. Counsel for appellee argue that who was to pay the damages may be inferred from the contract, and cite some cases where that has been done. It may be conceded circumstances may be such as to warrant such an inference, but we think that that is not the case here. The parties were fa-

miliar with our statute and knew that the city had no authority to vacate township roads. That authority is vested in the board of county commissioners (G. S. 1935, 68-102 to 68-107). If township roads should be vacated by the board of county commissioners there is nothing in our statute which would require or authorize the city to pay any damages resulting from the vacation of such highways.

With respect to the payment of damages the contract outlined the plan for determining that matter. In one of the "Whereas" paragraphs it is stated that condemnation proceedings had been brought but not fully determined. The only condemnation proceedings that had been brought, so far as we are advised, had been brought by the city. In paragraph 1 of the agreement portion of the contract it was specifically agreed what the commissioners named therein should do with the finding on the question of damages. The findings were to be made in writing and filed with the appraisers appointed by the court in the condemnation proceeding, case No. 1532. We are told in the brief that proceeding was one brought by the city to condemn land for the enlarged airport. The land sought to be condemned did not include any land owned by C. D. Wagoner. However, the contract provided that the report of the commissioners named therein should be filed with the appraisers in the condemnation proceedings, and that is what the commissioners did. The contract further provided that the appraisers named in the condemnation proceedings, case No. 1532, should accept the report of the commissioners named in the contract as conclusive evidence of the damages sustained by the third parties named therein, and paragraph 2 of the agreement part of the contract provided that the agreement should not operate to deprive the city or any of the third parties of the right to appeal to the district court from the award of damages made by the commissioners named in the contract. So, the plan and intent of the parties to the contract was that the commissioners named in the contract should find the amount of damages sustained by the third parties named therein; that such damages should be reported to the appraisers named in the city's condemnation proceeding, case No. 1532; that such appraisers should accept the amount of damages found by the commissioners named in the contract, and that either the city or any of the third parties might appeal to the district court. The statute (G. S. 1947 Supp., 26-205) authorizes appeals to the district court from the award of damages by appraisers in condemnation proceedings, and upon such appeal,

whether the claimant recovers anything, or the amount of such recovery, may be tried as a case in the district court. That such was the intention of the parties is further evidenced by the fact that was the procedure followed, as shown by our opinions (161 Kan. 502, 169 P. 2d 615 and 163 Kan. 735, 186 P. 2d 243), hereinbefore noted.

Counsel for appellee argue that the contract hereinbefore analyzed was an arbitration agreement, and much of their brief is devoted to that thought. If so, it was common-law arbitration as distinct from a statutory one. We regard it as immaterial whether the contract is designated an arbitration agreement or not. Assuming it is a common-law arbitration agreement, its terms are subject to construction under the same rules normally applied to the construction of contracts.

In 6 C. J. S. 166 the rule is thus stated:

"An arbitration agreement or submission is in general subject to the same rules of interpretation and construction as other contracts." Citing authorities.

To the same effect is 3 Am. Jur. 868, citing authorities, including *Swisher v. Dunn*, 89 Kan. 412, 787, 131 Pac. 571, 132 Pac. 832, 45 L. R. A. (N. S.) 810.

We wish to make it clear that plaintiff is not seeking to recover upon the authority given to and liabilities imposed upon cities by our statute (G. S. 1947 Supp. 3-113) relating to airports, but that he bases his right to recover solely upon the contract hereinbefore discussed.

The result is that all we have before us upon which plaintiff bases his right to recover is this contract. As we have seen, the contract does not impose any liability upon the city to pay the amount of damages found by the commissioners named therein to have been sustained by C. D. Wagoner, the plaintiff herein. The possible extent of recovery under this particular contract was determined by the trial court and approved by this court in the first case which reached this court involving the contract (161 Kan. 502, 169 P. 2d 615). We recognize that in the case before us that case is not pleaded as *res judicata*. We cite it only as being in accord with the conclusions we have reached.

We also take note of the fact that in our former decision, hereinbefore noted (163 Kan. 735, 186 P. 2d 243) it was held that the provisions contemplating the filing of the commissioners' report with the appraisers in the condemnation proceeding, with the right of the city or any of the third parties to appeal to the district court, was

held to be invalid and did not give the district court jurisdiction to hear the appeal. In *Morgan v. Smith,* 33 Kan. 438, 6 Pac. 569, an attempted statutory arbitration, the arbitration bonds made the report of the arbitrators "a rule of the circuit court" of a named county. It was held that the district court of the county had no jurisdiction to enter a judgment upon the award. The arbitration agreement failed. The same result should follow here.

In considering the contract between the parties as an arbitration agreement it is incomplete in its determination of the liability of anyone for the damages found. A somewhat analogous situation arose in *Dolman and Clark v. Kingman County,* 116 Kan. 201, 204 to 206, 226 Pac. 240, where the contract was held not to be valid.

Since the plaintiff in this action relies solely upon the contract for his right to recover, and since the contract gives him no such right, defendant's demurrer to plaintiff's petition should have been sustained. The judgment of the trial court should be reversed with directions to sustain the demurrer to the petition.

It is so ordered.

WERTZ, J., not participating.